## WOOD v. WOOD.

1. The bill of exceptions in this case does not contain an exception to a final judgment, so as to authorize the suing out of a direct writ of error.
2. Moreover, the assignment of error is not sufficiently specific to raise a question for decision by this court.

No. 501. APRIL 12, 1918.

Writ of error; from Haralson. Motion to dismiss.

On January 15, 1915, Mrs. N. I. Wood filed her petition against her husband, T. J. Wood, asking for temporary and permanent alimony and counsel fees. An order to show cause was granted, and the case was set down for a hearing on February 22, 1915; and on that day after the hearing the court passed an order allowing certain sums as temporary alimony and the sum of $20 as counsel fees. At the January term, 1916, of the superior court, the case came on "to be heard before a jury in said court on the issue of permanent alimony," and the jury returned the following verdict: "We, the jury, find for the plaintiff, Mrs. N. I. Wood, $400.00; also for Jennie Wood $300.00 as follows: $8.00 per month; Grady Wood $300.00 as follows: $8.00 per month. This January 20th, 1916. I. S. Crawford, Foreman." The defendant

made a motion for a new trial, and the judge stated that a new trial would be granted unless the plaintiff would write off certain sums awarded in the verdict. These sums were written off, and the motion for a new trial was overruled. After reciting the foregoing facts, the bill of exceptions states that the case was heard and considered by the court on April 9, 1917, but that the order overruling the motion was passed on the next day, counsel having written off the amounts as directed. Then follows in the bill of exceptions, a copy of a judgment entitled in the case stated, in which the court, after reciting the overruling of the motion for a new trial and the application of counsel for the plaintiff for the allowance of counsel fees, ordered and adjudged that, "in addition to the sums allowed to be recovered by Mrs. N. I. Wood as permanent alimony, she is allowed the sum of $100.00 as counsel fees. This allowance is made to cover $20.00 attorney's fees allowed on the hearing for temporary alimony, and the said order is reformed, and the fee of $100.00 hereby allowed will cover all fees for representing the plaintiff in the recovery of both temporary and permanent alimony, and become a part of the judgment for permanent alimony." This order is immediately followed by an exception in the following language: "To this action of the court in rendering said judgment and decree the plaintiff in error now excepts and assigns the same as error, upon the ground that the same was contrary to law, and should be vacated and set aside. This judgment and decree of the court, being final and controlling in its effect, could not be and is not a legal determination of said cause."

*Smith & Moore,* for plaintiff in error.

*Griffith & Matthews* and *Price Edwards,* contra.

BECK, P. J. (After stating the foregoing facts.) A motion to dismiss the bill of exceptions was made at the hearing of this case, based upon the grounds, among others, that the assignment of error is vague and indefinite; that it does not show to what particular order or judgment exception is taken; that if it is an exception to the judgment allowing attorney's fees, it is indefinite; and that if it is an exception to the order overruling the motion for a new trial, it can not avail the plaintiff in error, as no brief of evidence is brought up in the record. We are of the opinion that the motion to dismiss should prevail, as there is no sufficient

assignment of error. It is clear that the reference in the bill of exceptions to the judgment and decree excepted to is a reference to the judgment allowing attorney's fees. There is no exception to the order overruling the motion for a new trial. The judgment and decree excepted to is not in the nature of a final judgment in the cause. True it is the last paper signed by the judge in connection with the case; but it is not a judgment controlling and disposing of the case, and is not in its nature final.

Moreover, the assignment of error is not sufficiently definite and specific to raise any question for decision. The Civil Code, § 6139, provides that the bill of exceptions "shall specify plainly the decision complained of, and the alleged error." And section 6203 declares that "The Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions, and shall decide any question made by a specific assignment of error in the bill of exceptions." In the case of *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911), it was said: "The decision complained of and the error alleged to exist therein ought to appear plainly. This is fair to the judge whose judgment it is sought to reverse, so that he can make such facts appear, or require such evidence and record to be brought to this court, as may be necessary for a proper consideration of the errors complained of. To allow a mere general assignment which, without more, would not direct the attention of the judge to the real question, and then to hunt for something covered up in such generalities as a ground for reversal, would be very much like allowing him to be ambushed. It is fair to the adverse counsel or party, in order that he may know what he must meet in this court. It is fair to this court, in order that there may be clear-cut questions for them to decide, and not an indefinite complaint for them to wander through in the search for questions to determine and errors to reverse. This is not a court of appeals, but a court for the correction of errors."

Where exception is taken to a judgment overruling a motion for a new trial, one assignment of error in the bill of exceptions is sufficient to reach all the grounds of the motion which themselves contain sufficient assignments of error. This is true also of an assignment of error on the overruling or sustaining of a demurrer, where the grounds of demurrer show the points made and ruled on, and in connection with the bill of exceptions clearly show the

errors assigned. *Patterson* v. *Beck,* supra. But in the present case the exception is to an order, called in the bill of exceptions a judgment and decree, as "contrary to law." We can not tell whether this exception relates to the contention that the court was without jurisdiction to pass it, or that it was not authorized by the evidence, or that a judgment without evidence to support it would be contrary to law; or whether it is contended that the question of attorney's fees should have been submitted to the jury, or that the fact that no attorney's fees were included in the verdict awarding alimony was a denial of attorney's fees. We point out these as some of the possible contentions under the assignment of error indicated by the expression, "contrary to law." And there are other exceptions which the plaintiff in error may have intended to make; but we are not called upon to enter upon speculation as to what point the pleader intended to raise. It was his duty to clearly show the questions he sought to make, and that he has not done. The brief of counsel for plaintiff in error may assist us in deciding the questions properly raised, but it can not serve the purpose of raising a question for decision here which is not made by a sufficiently specific assignment of error in the bill of exceptions.

*Writ of error dismissed. All the Justices concur, except Fish, C. J., absent.*