BENNETT, superintendent of banks, *v.* COX.

844

*C. N. Davie, J. F. Kemp,* and *C. K. Nelson,* for plaintiff in error. *Bryan & Middlebrooks, W. R. Tichenor,* and *L. L. Porter,* contra.

ATKINSON, J. The Exchange Bank of Dublin, Georgia, was taken in charge as an insolvent institution by the State superintendent of banks. An execution was issued against Mrs. M. B. Cox as owner of 32 shares of the capital stock of the bank, for $3200, based on alleged statutory liability to depositors and creditors of the bank. Mrs. Cox instituted an action against the superintendent of banks, to enjoin enforcement of the execution and to cancel it, on the grounds: (a) that neither at the time the execution was issued nor previously nor subsequently was she the owner of the 32 shares of the corporate capital stock upon which the execution was based; (b) that if the 32 shares of stock ever at any time stood "in her name," it was without her "knowledge, consent, approval, or ratification;" (c) that the execution was null and void, because it was issued and signed not by the superintendent of banks, but by an assistant superintendent, who had no legal power or authority to issue and sign said execution. The defendant's answer in the nature of a cross-petition substantially denied the allegations setting forth the grounds of relief; alleged an indebtedness by the plaintiff for the amount specified in the execution, on account of her statutory liability as a stockholder to depositors and creditors of the bank; and prayed for a general judgment against her for that amount. The judge directed the jury to find that the execution was void, and submitted to them the question as to the right of the defendant to recover a general judgment against the plaintiff on his cross-petition. The jury returned a verdict in favor of the plaintiff. The defendant's motion for a new trial was overruled, and he excepted.

■ The judge erred in directing a finding that the execution was void. *McCaskill* v. *Chattahoochee Fertilizer Co.,* 167 *Ga.* 802.

■ The allowance of an amendment over objection is the subject of direct exception by the objecting party, and can not properly

be made a ground of a motion for a new trial. *Morris* v. *Beckum,* 145 *Ga.* 562 (2) (89 S. E. 704).

■ Certain testimony as to conversations between the witness and another witness who had testified in the case was objected to by the attorney for defendant, on the ground that the testimony was offered for the purpose of impeaching the other witness, and that proper foundation therefor had not been laid; whereupon the attorney for the plaintiff stated that the testimony was offered to show a conspiracy to defraud the plaintiff. The attorney for the defendant then withdrew his objection; whereupon the judge stated that he would admit the evidence and give instructions to the jury in his charge "relative to the matter of conspiracy." The court failed, in his charge to the jury, to give any instruction on the question of conspiracy. The ground of complaint in the motion for new trial is that, on account of the failure to charge, the admission of said testimony was erroneous and contrary to law. There is no merit in this ground.

■ Declarations of a person since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case. *Chandler* v. *Mutual Life &c. Asso.,* 131 *Ga.* 82 (61 S. E. 1036). It is provided in section 20 of article 7 of the act approved August 16, 1919 (Ga. Laws 1919, pp. 135, 160), creating the Department of Banking of the State of Georgia, that within ninety days after the superintendent of banks has taken possession of the assets and business of any bank, he shall make certain estimates as to the values of the assets of the bank, and "shall immediately thereupon" make certain assessments against the stockholders, and "notice of such assessment shall be given by mail to each of the stockholders of said bank; and if any stockholder so notified shall refuse or neglect to pay any such assessment within thirty (30) days after the levy of such assessment and notice thereof, the superintendent of banks shall issue an execution against such stockholder for the amount of such assessment." The notice of assessment is a demand upon the stockholder for payment of the assessment in proportion to the amount of stock held by him, which he may satisfy, if he desires to do so, at any time within thirty days, without any proceeding to enforce its payment. If he fails to make such payment within the specified time, it is the duty of the superintendent of banks to proceed to enforce its

payment. He may do so by summarily issuing an execution against the stockholder for the amount of the assessment corresponding to the number of his shares of stock. Under this construction the mailing of the notice of assessment is not the beginning of litigation, within the meaning of that word as used in the phrase, "with a view to pending litigation," employed in the Civil Code (1910), § 5768. This comports with the ruling in *Coffin* v. *Bennett*, 164 *Ga.* 350 (138 S. E. 670), that the issuance of an execution under the above statute is the commencement of litigation.

■ The plaintiff admittedly owned ten shares of stock in the bank, and paid the assessment based on that stock; but it was in issue whether she had ever owned or had authorized the purchase of the thirty-two shares of stock in question, or knew that they had been purchased in her name, or appeared in her name on the books of the bank with her knowledge or consent. She had signed certain deeds purporting to convey realty to a third person for a cash consideration, in pursuance of a sale negotiated for her by F. B. Reins, the president of the bank. After the deeds were signed they were turned over to Reins for delivery to the purchaser. Reins delivered the deeds, for which he received the thirty-two shares of stock instead of cash. There was evidence tending to show that Reins concealed that fact from plaintiff, and that she did not know anything about the shares of stock until after the failure of the bank. Reins died after notice of the assessment was mailed to the plaintiff, but before the superintendent of banks issued an execution against her. On the questions at issue, as indicated above, a paper dated March 7, 1925, was offered in evidence as follows:

"To whom it may concern:

"This is to certify that Mrs. M. B. Cox owned ten (10) shares of stock in the Southern Exchange Bank of Dublin, Georgia. All other stock that may have passed through the books of said bank was done without her knowledge or consent. *F. B. Reins.*

"F. B. Reins, President, Southern Exchange Bank, Dublin, Georgia."

Concerning this letter the plaintiff testified: "I am familiar with Mr. Reins's handwriting, and from my knowledge of the handwriting and my opinion the signature of Mr. Reins to the letter was his handwriting. . . I know his handwriting, from having seen it through many, many years. I have looked at it carefully since yesterday, and I can say that it is his handwriting."

It was not erroneous to admit the letter over the objections (a) that it was a self-serving declaration; (b) that it was made "while litigation was pending or anticipated;" (c) that the execution of the letter had not been proved; (d) that the defendant was not afforded the opportunity of cross-examining the writer of the letter; (e) that the plaintiff, in testifying as to the handwriting, did not qualify as an expert.

■ In his charge the judge instructed the jury: "So you gentlemen consider paragraph 12 of the answer of the Banking Department and the denial of the plaintiff, Mrs. Cox, as to that paragraph 12, as the issue that you are to settle in this case." Also: "You gentlemen may read these papers for yourselves, and see what the issues are, in order that you can get them more in detail. These set forth the contentions of the parties, and are not evidence." The question as to the validity of the execution having been withdrawn, this charge was not erroneous.

■ In the fifth ground of the motion for new trial it is stated: "Defendant contends that Mrs. Cox conveyed real estate and a lease to Curry of the value of thirty-two hundred ($3200) dollars; that in return for said conveyance this stock was issued to her; that therefore, by conveying said property to said Curry, she ratified her own act, or the act of Reins; that she was bound to know of the consideration passing to her for said conveyance; and movant contends that the failure to charge upon said contention was error." A ground of a motion for new trial must be complete within itself. This court will not look to other portions of the record to supply deficiencies in a ground of a motion for new trial. It is not stated upon what the movant's contentions are based. This ground is insufficient to present any question for consideration.

■ The evidence, though conflicting, was sufficient to authorize a finding for the plaintiff on the issue submitted to the jury, based on the cross-petition.

■ An execution issued by the superintendent of banks under this statute is wholly remedial, being merely a means for enforcing a statutory liability, and is dependent upon the existence of such liability. The verdict finding against the defendant, on his claim that the plaintiff appeared to be a stockholder in the bank and as such liable for the assessment, being sustained, the error referred to in division 1 of this decision, which related only to the

# 848

validity of the execution, is not cause for reversal of the judgment refusing a new trial.

*Judgment affirmed. All the Justices concur.*