BUTLER v. MOBLEY, superintendent of banks.

PER CURIAM. 1. In paragraph 1 of the affidavit of illegality it is contended that the execution was void, because issued upon an assessment made by W. J. Davis as general agent of the superintendent of banks, rather than by the superintendent. The notice of the assessment in this case was signed, "T. R. Bennett, Superintendent of Banks, by W. J. Davis, General Agent," etc. The notice imports that the assessment was made by the superintendent. The recitals contained in the execution subsequently issued import that they were made by the superintendent. The execution was signed, "A. B. Mobley, Superintendent of Banks, by W. J. Davis, General Agent," etc. There is no evidence requiring a finding that the superintendent did not make the assessment. Under these circumstances, in view of the presumption that the superintendent did his duty as required by law, the court did not err in admitting this execution in evidence. See McCaskill v. Chattahoochee Fertilizer Co., 167 Ga. 802 (146 S. E. 830); Bennett v. Cox, 167 Ga. 843 (146 S. E. 835); 22 R. C. L. 472, 474.

2 There is no merit in the contention that the assessment was not made at the place required by law, at the Capitol building and the office of the superintendent of banks therein. The evidence did not require a finding that these allegations in the affidavit were true. If the assessment was made at the proper place (and there is a presumption that it was, the evidence not showing that it was made elsewhere), the fact that the agent may have signed the execution in another building in the City of Atlanta would not vitiate the execution.

3. The issuance of such an execution as that involved here is a clerical and not a judicial act.

4. The banking act of 1919 does not attempt to impose any additional liability upon the stockholders of banks created prior thereto. By the very terms of that act, liability was imposed only upon the stockholders of banks created thereunder. Park's Code Supp. 1922, § 2279(a).

5. The liability of the plaintiff in error as a stockholder in the Morgan County Bank, which was chartered in 1899, was defined and fixed by the provisions of section 2270 of the Code of 1910, relating to the liability of stockholders to depositors.

6. This section was superseded by the provisions of the banking act of

1919, as to banks created under the act last referred to, but remained of force as to banks created prior thereto and subsequently to 1893.

7. Under the facts in the record Lamar Poullain and Mrs. Campbell were depositors, and stockholders were liable to assessment to pay the claims of the two parties named, under the provisions and limitations of section 2270 of the Code of 1910. See, in this connection, *Campbell* v. *Morgan County Bank*, 35 *Ga. App.* 222 (132 S. E. 648) ; *Morgan County Bank* v. *Poullain*, 32 *Ga. App.* 11 (123 S. E. 29).

8. On the issue as to whether section 20 of article 7 of the banking act of 1919 is unconstitutional because in conflict with the fourteenth amendment to the constitution of the United States, and in conflict with paragraph 2 of section 2 of article 1 of the constitution of this State, the Justices of this court are equally divided, to wit: Russell, C. J., and Hill and Gilbert, JJ., are of the opinion that the section is unconstitutional. Beck, P. J., and Atkinson and Hines, JJ., are of the opinion that the section is constitutional. Therefore the judgment of the trial court is affirmed by operation of law.

9. There is no merit in the contention that the assessment and the execution thereon "were issued more than four years after the closing of the said bank, and is barred by the statute of limitations." "All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of law, shall be brought within twenty years after the right of action accrues." Park's Code, § 4360.

10. Under the facts of the case, there is no merit in the contention that there had been a previous assessment of 42 per cent., and that the amounts due on the uncollected executions of that assessment, with the assets on hand, are more than sufficient to discharge all indebtedness to the bank. Park's Code Supp. 1922, § 2268(t).

11. "It is settled law of this State that an affidavit of illegality is not a remedy for an excessive levy." *Pinkston* v. *Harrell*, 106 *Ga.* 102 (31 S. E. 808, 71 Am. St. R. 242) ; *Manry* v. *Shepperd*, 57 *Ga.* 68; *Rogers* v. *Felker*, 77 *Ga.* 46; *Banks* v. *Giles*, 20 *Ga. App.* 97 (92 S. E. 651).

12. The grounds of the affidavit of illegality and of the motion for a new trial, not covered by the rulings made above, are without merit.

*Judgment affirmed. All the Justices concur.*

No. 7169. MARCH 1, 1930.

*E. R. Lambert* and *Miles W. Lewis,* for plaintiff in error.
*Jones, Jones, Johnston & Russell* and *C. N. Davie,* contra.