MANLEY *v.* MOBLEY, superintendent, etc.

No. 8409. January 14, 1932. Rehearing denied February 18, 1932.

*E. H. George, Smith & Smith,* and *George A. Pindar,* for plaintiff in error.

*C. N. Davie, Jones, Jones, Johnston & Russell,* and *Albert G. Fosler,* contra.

HILL, J. (After stating the foregoing facts.) The affidavit of illegality is quite lengthy. There are two controlling questions which are urged and insisted upon in the brief of counsel for plaintiff in error, viz., the constitutional questions; and the question of the validity of the assessment, and the execution issued and signed by "A. B. Mobley, superintendent of banks, by W. J. Davis, general agent," it being argued that no one had authority to make the assessment and issue the execution except the superintendent of banks. See *Butler* v. *Mobley,* 170 *Ga.* 265 (8) (152 S. E. 229), where the constitutionality of the act in question was upheld by a divided court. That case involved the identical assessment for the same bank against a different stockholder. Substantially the same questions were raised as are made in the present case; and it was held: "In paragraph 1 of the affidavit of illegality it is contended that the execution was void, because issued upon an assessment made by W. J. Davis as general agent of the superintendent of banks, rather than by the superintendent. The notice of the assessment in this case was signed, 'T. R. Bennett, Superintendent of Banks, by W. J. Davis, General Agent,' etc. The notice imports that the assessment was made by the superintendent. The recitals contained in the execution import that they were made by the superintendent. The execution was signed, 'A. B. Mobley, Superintendent of Banks, by W. J. Davis, General Agent,' etc. There is no evidence requiring a finding that the superintendent did not make the assessment. Under these circumstances, in view of the presumption that the superintendent did his duty as required by law, the court did not err in admitting this execution in evidence. See *McCaskill* v. *Chattahoochee Fertilizer Co.,* 167 *Ga.* 802 (146 S. E. 830); *Bennett* v. *Cox,* 167 *Ga.* 843 (146 S. E. 835); 22 R. C. L. 472, 474."

As to the constitutional questions raised in the present case, the court stands evenly divided, as it did in the *Butler* case, supra. The three Justices who held with the plaintiff in error in the *Butler* case adhere to their former view, and the three other Justices hold to the contrary.

The burden was upon the affiant to support the allegations of the affidavit of illegality by proof, which she failed to do. Therefore the evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., dissenting. It is my opinion that affiant did not fail to support the allegations of her affidavit of illegality, to the effect that the superintendent of banks did not make an assessment as provided by law. Of course the execution must be based upon a legal assessment. Neither the superintendent nor any one else for him has ever in this case made a second assessment in the manner required by law. The execution must be based upon a judgment of the superintendent of banks against all of the stockholders of the bank, in the total amount of the sum he seeks to collect, equally and ratably, and not one for another, so that upon such judgment the liability of each stockholder can be prorated. Without this judgment neither the defendant nor any other stockholder in the Morgan County Bank can know whether or not he or she is liable for the amount of the execution issued against her. For myself, I have adhered uniformly and frequently to the view that section 20 of article 7 of the banking act of 1919 (Ga. L. 1919, pp. 135, 160) was unconstitutional and void, because it is in violation of article 1, section 1, paragraph 3, of the constitution of Georgia, providing that no person shall be deprived of property except by due process of law; and that shareholders were deprived of due process of law, in that they could not contest the correctness of the estimate and assessment made by the superintendent of banks or the amount thereof. From the record it plainly appears, even if it could be presumed as against the defendant in this case that an assessment was regularly made (though counsel for the superintendent of banks admitted in open court, in response to notice to produce, that such a judgment can not be found in the office of the superintendent of banks), that the assessment now under consideration is a second

assessment. A prior assessment of 42 per cent. was theretofore made at a time when section 20 of article 7 of the original banking act of 1919 was in effect. Of course the first assessment is controlled by the provisions of section 20 of article 7 as contained in the banking act of 1919, supra. Even conceding (as I do not) that a proper judgment of assessment was made, it appears that the notice received by Mrs. Manley was dated December 17, 1926, and therefore it is obvious that at the time the second assessment was made the act of the General Assembly approved August 26, 1925 (Ga. L. 1925, pp. 119, 130) was in force, and the second assessment would have to be made in accordance with the provisions of that statute.

I dissent also upon the ground that the formal request that the decision of this court in *Butler* v. *Mobley,* 170 *Ga.* 265 (supra), which was a per curiam decision rendered at the close of the October term, 1929, be overruled, should be granted.