WILLIAMS *et al. v.* VISUALIZIT INCORPORATED *et al.*

Nos. 9680, 9681. NOVEMBER 10, 1933.

*Pearce Matthews* and *William P. Kennedy,* for plaintiffs.
*George & John L. Westmoreland,* for defendants.

HILL, J. The court rendered a judgment at the final hearing and after a jury had been stricken, as follows: "The above case coming on to be tried, and the court being of the opinion that there is no issue of fact to be submitted to a jury, it is ordered and adjudged by the court that the levy made on the judgment of the municipal court of Atlanta be and the same is hereby permanently enjoined and said levy dismissed; and it is further ordered, adjudged, and decreed by the court, that the plaintiffs having voluntarily given bond with security to answer any judgment in this case and for the eventual condemnation-money, that judgment is hereby rendered in favor of the defendants in this case against J. R. Williams and W. A. Williams as principals, and T. A. Hallman and J. W. Lutch as securities, in the sum of fifteen hundred ($1500) dollars principal, and two hundred and seven ($207) dollars interest to date. It is further ordered that the plaintiffs pay one half of the costs of court, and the defendants pay one half of said costs of court." The plaintiffs filed a bill of exceptions in which the only assignments of error are as follows: "The plaintiffs, J. R. Williams and W. A. Williams, then and there excepted, and here and now except and assign the same as error as being contrary to law, and say and insist that the trial judge erred in granting judgment against them, as set forth in said judgment and decree." The de-

fendants also filed a bill of exceptions in which the only assignment of error is that "the defendant, Visualizit Inc., then and there excepted and here and now excepts and assigns the same as error as being contrary to law, and says and insists that the trial judge erred in granting the said permanent injunction of the levy of the said execution as set forth in said judgment and decree." In the brief for Visualizit Inc. it is stated: "The effect of the decision was to find in favor of Visualizit Inc., the defendant, on its material contentions and giving it the relief sought, and Visualizit Inc. was satisfied with the judgment except that the plaintiffs filed exceptions to this court; and if the contentions of the plaintiffs, Williams, were sustained by this court and there had been no exceptions by Visualizit Inc., Visualizit Inc. would have been left without any remedy whatever; therefore Visualizit Inc. filed its cross-bill of exceptions to this court."

This case did not involve the correct exercise of the *discretion* of the judge in the grant or refusal of a temporary injunction, but was on final trial. In view of the several questions raised by the petition as amended, and the answer, and the provisions of the final judgment and decree rendered by the court, the general assignments of error as contained in the bills of exceptions are indefinite, and fail to plainly specify any particular error complained of, and are not sufficient to give this court jurisdiction. Civil Code (1910), § 6139; *Wade* v. *Watson,* 133 *Ga.* 608 (2) (66 S. E. 922); *Lamar* v. *State,* 72 *Ga.* 205 (3); *Warren* v. *Oliver,* 111 *Ga.* 807 (35 S. E. 674); *Wood* v. *Wood,* 147 *Ga.* 808 (2) (95 S. E. 677). See also *Woodward* v. *Williams Lumber Co.,* 176 *Ga.* 107 (167 S. E. 169).

*Writs of error dismissed. All the Justices concur.*