CATES *et al. v.* DUNCAN, administrator.

*W. L. Nix,* for plaintiffs in error.

*Avery & Duncan, C. N. Davie,* and *J. F. Kemp,* contra.

ATKINSON, Justice.   R. F. Duncan as administrator of the estate of Stephen Billue, deceased, instituted statutory proceedings against E. A. Cates, W. O. Cates, Mrs. Buna Etheridge, and others, for partition of certain realty.   The defendants appeared and made an answer in which it was denied that the plaintiff's intestate had an interest in the land.   Upon a hearing of the case the plaintiff introduced a deed on which he relied; and the case was submitted to the judge for a decision upon that deed and an agreed statement of facts.   The bill of exceptions states that upon consideration of the case the judge entered a decree ordering that a writ of partition issue, and that the property be partitioned as provided by law.   The only assignment or error on the judgment is in these words:   "To which said judgment and decree granting said writ of partition, and appointing partitioners, defendants, plaintiffs in error, E. A. Cates, W. O. Cates, and Buna Etheridge, then and there excepted, and now except, and assign the same as error as being contrary to law, and say that the said judge then and there should have refused to grant said writ of partition."   A motion was made to dismiss the writ of error on several grounds, one of which was:   "Because the assignment of error in the bill of exceptions is general and indefinite, and does not specify any particular error, and such assignment of error is insufficient to present any question for decision on review by the Supreme Court."

In *Wood* v. *Wood,* 147 *Ga.* 808 (95 S. E. 677), a verdict was returned in favor of the plaintiff on her application for alimony, which granted specified sums of money for alimony but did not refer to attorney's fees.   On the defendant's motion for new trial the judge ordered specified sums to be written off, and thereupon refused a new trial.   The bill of exceptions set forth a copy of the ' judgment which was duly entitled in the case, and, after reciting

the overruling of the motion for new trial and the application of counsel for allowance of attorney's fees, stated that in addition to the sums allowed as permanent alimony the plaintiff be allowed a stated sum as counsel fees, the same to become a part of the judgment for permanent alimony. The bill of exceptions stated that "the plaintiff in error now excepts and assigns the same as error, upon the ground that the same was contrary to law, and should be vacated and set aside." In dealing with this exception this court said: "The assignment of error is not sufficiently definite and specific to raise any question for decision. The Civil Code, § 6139 [Code 1933, § 6-901], provides that the bill of exceptions 'shall specify plainly the decision complained of, and the alleged error.' And section 6203 [§ 6-1607] declares that 'The Supreme Court shall not decide any question unless it is made by a special assignment of error in the bill of exceptions, and shall decide any question made by a specific assignment of error in the bill of exceptions.' In the case of *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911), it was said: 'The decision complained of and the error alleged to exist therein ought to appear plainly. This is fair to the judge whose judgment it is sought to reverse, so that he can make such facts appear, or require such evidence and record to be brought to this court, as may be necessary for a proper consideration of the errors complained of. To allow a mere general assignment which, without more, would not direct the attention of the judge to the real question, and then to hunt for something covered up in such generalities as a ground for reversal, would be very much like allowing him to be ambushed. It is fair to the adverse counsel or party, in order that he may know what he must meet in this court. It is fair to this court, in order that there may be clear-cut questions for them to decide, and not an indefinite complaint for them to wander through in the search for questions to determine and errors to reverse. This is not a court of appeals, but a court for the correction of errors.' Where exception is taken to a judgment overruling a motion for a new trial, one assignment of error in the bill of exceptions is sufficient to reach all the grounds of the motion which themselves contain sufficient assignments of error. This is true also of an assignment of error on the overruling or sustaining of a demurrer, where the grounds of demurrer show the points made and ruled on, and in connection with the bill of exceptions clearly show the

errors assigned. *Patterson* v. *Beck,* supra. But in the present case the exception is to an order, called in the bill of exceptions a judgment and decree, as 'contrary to law.' We can not tell whether this exception relates to the contention that the court was without jurisdiction to pass it, or that it was not authorized by the evidence, or that a judgment without evidence to support it would be contrary to law; or whether it is contended that the question of attorney's fees should have been submitted to the jury, or that the fact that no attorney's fees were included in the verdict awarding alimony was a denial of attorney's fees. We point out these as some of the possible contentions under the assignment of error indicated by the expression, 'contrary to law.' And there are other exceptions which the plaintiff in error may have intended to make; but we are not called upon to enter upon speculation as to what point the pleader intended to raise. It was his duty to clearly show the questions he sought to make, and that he has not done." See also *Williams* v. *Visualizit Inc.,* 177 *Ga.* 832 (171 S. E. 563). In the instant case the judge rendered a decision without having caused an issue to be made and submitted to the jury as provided in the Code of 1910, § 5363 (Code 1933, § 85-1509), to which reference was made in *Douglas* v. *Johnson,* 130 *Ga.* 472 (60 S. E. 1041). The decision therefore involved two or more possible assignments of error, (1) that the judgment was contrary to law, in that the judge misconstrued the deed, (2) that the judgment was contrary to the evidence, (3) that the judge erred in failing to cause an issue to be made and submitted to the jury, as provided in the statute; but none of these were made. In these circumstances, and under the principle stated in the foregoing decision, the general assignment of error quoted above is insufficient, and the motion to dismiss must be sustained.

*Writ of error dismissed. All the Justices concur.*

ON REHEARING.

A decision was rendered in this case on January 16, 1935, reversing the judgment of the trial court. On rehearing the opinion then delivered is withdrawn, and the foregoing opinion is substituted.