**23914. CARMICHAEL, executor, *et al. v.* MOBLEY, superintendent of banks.**

JENKINS, P. J. 1. "If exception be taken to a final judgment as being erroneous in itself, the assignment of error should specifically set forth the error or errors in it which are complained of;" but if the ruling or decision complained of is one preceding the final judgment, and it is especially made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice, with regard to the antecedent ruling, to give the reviewing court jurisdiction. *Lyndon* v. *Georgia Ry. & Electric Co.*, 129 *Ga.* 353 (2, 3) (58 S. E. 1047); *Hennessee* v. *Jennings*, 48 *Ga. App.* 188 (172 S. E. 583). Thus, where a bill of exceptions to the final judgment of the court trying the case without a jury contains sufficient assignments of error on antecedent rulings of the court, but merely a general assignment of error on the final judgment as "contrary to law" without specifying the error, the assignments with regard to the antecedent rulings being sufficient for a consideration of such alleged antecedent errors, a motion to dismiss the writ of error will be denied; but the correctness or incorrectness of the final judgment itself in independent matters of law and fact, as argued in the briefs, can not be considered. See *Fidelity & Deposit Co.* v. *Anderson*, 102 *Ga.* 551 (28 S. E. 382); *Williams* v. *Visualizit Inc.*, 177 *Ga.* 832, 833 (171 S. E. 563).

2. Construing the provision in the act of 1919 (Ga. L. 1919, pp. 135, 189) as amended (Park's Code Supp. 1922, § 2279(b); Michie's Code, § 2366 (140)), that "persons holding stock as executors, administrators, guardians or trustees shall not be personally subject to any liabilities as stockholders, but the estates and funds in their hands shall be liable in like manner and to the same extent as the testator, intestate, ward or person interested . . would be, if living and competent to act and hold the stock in his own name," the Supreme Court, in *Mobley* v. *Personius*, 172 *Ga.* 261 (3), 265 (157 S. E. 294), held that, since a decedent, if living, would have been subject to assessment by the State superintendent of banks, the issuance of an execution against him, with full liability thereon, and since under the statute "the manner and extent of the liability of . . the decedent is the same as it would have been if [he] had not died," the enforcement of the execution would not be "postponed to the expiration of twelve months from the appointment of [his] administrators." The court commented that "this may be a drastic provision, but it is competent for the legislature to make it, carrying out a public policy of protecting depositors of a bank to the fullest extent." Accordingly, irrespective of the rights and exemptions of executors, administrators, or beneficiaries of estates, in other proceedings (see Civil Code of 1910, §§ 4015, 3892; *Ayer* v. *Chapman*, 146 *Ga.* 608, 91 S. E. 548), the power of the superintendent of banks to

make the assessment, give notice, and issue execution for the amount due according to the stock held by a stockholder of a bank, proceeding under the act of 1919 as amended (Michie's Code, § 2366(71)), was not suspended or impeded by the death of the stockholder.

3. "Every person having possession of a will must file the same with the ordinary of the county having jurisdiction." Civil Code (1910), § 3862. "The executor must offer the will for probate as soon as practicable after the death of the testator, and must qualify, unless restrained by the will, within twelve months after the same is admitted to record." § 3868. "So soon as the probate of the will is made in common form, in vacation, and before it is admitted to record, and *before qualification*, the executor named therein may exercise all the powers of a temporary administrator as to the collecting and *preserving the estate*." § 3883. The powers of an executor, after probate in common form, as to preservation of the estate are thus analogous to those of a temporary administrator under §§ 3935-3937 (see *Garland* v. *Milling*, 6 *Ga.* 310, 316), who, while he can not sue to recover land not in his possession (*Ward* v. *McDonald*, 135 *Ga.* 515, 69 S. E. 817; *Doris* v. *Story*, 122 *Ga.* 611, 50 S. E. 348), yet, where land is already in his possession, has the power and duty in protecting the estate to represent it in an action affecting such possession, and "may file an illegality to an execution proceeding to sell the intestate's lands." *Reese* v. *Burts*, 39 *Ga.* 565; *Barfield* v. *Hartley*, 108 *Ga.* 435 (2) (33 S. E. 1010); *Banks* v. *Walker*, 112 *Ga.* 542, 545 (37 S. E. 866). The record in the instant case failing to indicate whether or not the will of the deceased stockholder, against whom the assessment by the State superintendent of banks had been made, was offered for probate before the issuance of the execution and before the filing of the original affidavit of illegality thereto by the person who later qualified as executor, but such affidavit stating that "he is an heir at law of the [deceased] and interested in the administration of her estate, having been named as executor of the last will and testament of the [deceased]," and the entry of levy by the sheriff reciting that the land levied upon was "in possession of [the executor]" and was "pointed out by [the executor]," and the execution itself not being susceptible to the construction that it was issued against the deceased, but directing levy upon "the goods, chattels, lands, and tenements of the estate of the said deceased in the hands of [the executor of the estate of the deceased]," the court properly sustained the demurrers of the plaintiff in execution to the grounds in the affidavit of illegality and amendments thereto, setting up that, until the qualification of the executor, the execution was illegally issued and illegally proceeding, and properly held that it will be presumed that the executor did his duty as such, that he was acting within his powers under the will in protecting and preserving the estate before his qualification as executor, and that, after the filing of his first affidavit of illegality before his qualification, his amendment thereto "as executor," expressly "amending *his* original illegality," ratified his prior act in behalf of the estate.

4. The presumption being that the State bank superintendent did his duty as required by law, and the execution reciting that the assessment was

made for the amount stated under authority of the statute, and that notice was given as provided by law, the court properly sustained the demurrer to the ground of the affidavit of illegality which stated the mere general conclusion that the superintendent of banks did not determine the necessity of the assessment and the amount necessary to be levied. *Butler* v. *Mobley*, 170 *Ga.* 265 (152 S. E. 229); *Manley* v. *Mobley*, 174 *Ga.* 228, 236 (162 S. E. 536). The sufficiency of the evidence with regard to the assessment and notice thereof can not be considered, under the foregoing ruling in paragraph 1, because of the absence of a proper assignment of error on the final judgment.

5. Under the banking act of 1919 (Ga. L. 1919, p. 135 et seq.), as amended, "the signing of an execution . . is a clerical or ministerial act which can be delegated by the State superintendent of banks," and he may designate an assistant superintendent or agent to perform the duty of issuing and signing the execution. *McCaskill* v. *Chattahoochee Fertilizer Co.*, 167 *Ga.* 802 (146 S. E. 830); *Manley* v. *Mobley*, supra; *Mobley* v. *Goodwyn*, 39 *Ga. App.* 64 (4), 69, 70 (146 S. E. 28); *Deariso* v. *Mobley*, 38 *Ga. App.* 313 (3), (4), 326-328 (143 S. E. 915). The ground that the present execution, issued and signed in the name of the superintendent by his general agent, was not so done by the superintendent himself is, therefore, without merit.

6. "An affidavit of illegality is a remedy which lies only in favor of defendants in execution; and if filed by persons who are not defendants, it will be dismissed." *Artope* v. *Barker*, 72 *Ga.* 186; *State of Ga.* v. *Sallade*, 111 *Ga.* 700 (2) (36 S. E. 922); *City of Atlanta* v. *Seaboard Air-Line Ry.*, 137 *Ga.* 805 (2) (74 S. E. 268); *Morris-Bell Co.* v. *Wall*, 32 *Ga. App.* 774, 776 (124 S. E. 814). For this reason and the reasons stated in paragraph 3 above, the court properly struck the amendment to the affidavit of illegality, which was filed by the affiant, not as executor, but "as an heir at law" of the estate.

7. That portion of the banking acts which is embodied in Michie's Code, § 2366(71), requires that the superintendent of banks shall within 90 days after taking over a bank make a careful estimate of the values of the assets convertible into cash within one year after so taking possession of its assets and business, and "shall immediately thereupon make an assessment upon the stockholders of said bank," as required, give notice by mail to each of the stockholders, and "if any stockholder so notified shall refuse or neglect to pay any such assessment within 30 days after the levy of such assessment and notice thereof, the superintendent of banks shall issue an execution against such stockholder for the amount of such assessment, which shall be enforced in like manner as executions issued by the superior courts of this State" upon their judgments. The statute failing to limit the time for the issuance of executions, the mere fact that the superintendent, after taking over the bank on December 2, 1926, did not issue the execution until June 15, 1927, constituted no proper ground of illegality.

8. Even if the traverse to the sheriff's entry of levy, filed by the person named as executor in the will of the deceased stockholder of the bank, not as such executor, but as "heir at law" of the stockholder, more than five years after the officer's return, were filed in the proper capacity

and in proper time, the record shows no exception to any adverse ruling thereon or to any failure to rule.

9. An affidavit of illegality is not amendable "by the insertion of new and independent grounds," unless the defendant "will swear that he did not know of such grounds when the original affidavit was filed." Civil Code, § 5704. "Amendments of a different character, which only alter grounds already filed, may be made without such statement." *Inman* v. *Miller*, 71 *Ga.* 293 (3). The bill of exceptions recites that the "judge passed an order sustaining the demurrer" to an amendment of the affidavit of illegality, and to one of the grounds of defense in an amendment, "without allowing any time or opportunity to file any additional amendment." The exception taken is, "To this ruling, defendant in fi. fa. . . excepted, now excepts, and assigns the same as error upon the ground that it was contrary to law, and says that said demurrers should have been overruled upon each and every ground upon which said judge sustained the same, and said amendments and the parts thereof stricken by said judge should not have been stricken." Even if this exception could be treated as sufficiently attacking a failure by the judge to allow additional time or opportunity to file a second additional amendment to the affidavit, in the absence of any showing that he made such a ruling, or denied any request as to such an allowance, it appears that the grounds of defense and the demurrers ruled upon dealt with the merits and matters of substance, and not mere matters of form, and neither the exception nor the pleadings indicate wherein an amendment altering the grounds already filed would have rendered them good. If the amendment desired related to a new and independent ground, the record fails to show that the defendant either made or offered the sworn statement required by the statute.

*Judgment affirmed. Sutton, J., concurs. Stephens, J., disqualified.*

DECIDED NOVEMBER 24, 1935. REHEARING DENIED FEBRUARY 2, 1935.

*Joel B. Mallet, C. L. Redman,* for plaintiffs in error.
*C. N. Davie, J. F. Kemp, H. J. Kennedy,* contra.

ON MOTION FOR REHEARING.

JENKINS, P. J. Every contention made by the plaintiff in error in his motion for rehearing was fully considered by the court in rendering its original decision. It was held in the 3rd paragraph of the decision that, since the record failed to indicate whether or not the will of the deceased stockholder, against whose estate the execution was issued, had been probated in common form before the issue of the execution and the filing of an affidavit of illegality by the person named as executor in the will,—the plaintiff in error, —and since his affidavit recited that he had been so named as executor, and the sheriff's entry of levy recited that the land levied

upon had been pointed out by the "executor," the trial judge properly sustained the demurrer to the ground in the affidavit of illegality that, until the *qualification* of the executor, the execution was illegal, and properly held that the executor named in the will would be presumed to have been acting within his powers under the will in protecting and preserving the estate before his qualification, and that after the plaintiff in error had qualified he also confirmed or ratified his prior act in filing the original affidavit of illegality by filing an amendment thereto *"as executor,"* expressly "amending *his* original illegality." Plaintiff in error, the executor, questions the conclusion of the court as to what the record indicates or fails to indicate. · He contends that the will "was not issued for probate before the issuance of the execution and before the filing of the original affidavit of illegality thereto by the person who later qualified as executor;" that the letters testamentary, issued to the executor on January 2, 1928, when the will was probated in *solemn form,* specifically set out that "the last will and testament . . was exhibited in open court and proved on the 2d day of January, 1928;" and that the untraversed affidavits of the executor specifically set out that at the time the execution issued, the "estate had no representative," and "there was no one qualified to represent such estate until the 2d day of January, 1928," the execution having issued on June 15, 1927. It is only necessary, in considering these contentions, to determine whether the court in its original decision misconstrued the record and its legal effect. ·

The letters testamentary, issued on January 2, 1928, recite that on that date "the last will and testament . . was exhibited in open court, and in solemn form of law proved and admitted to probate," and that, the person named in the will as executor having taken oath, etc., he was authorized so to act. This order, however, in no way states or indicates that there had been no previous probate of the will in common form, or that the exhibition of the will in open court on January 2, 1928, was the first exhibition. Under the Civil Code, § 3855, a will is proved in common form by a single witness and admitted to record after it is exhibited or presented to the judge. Under § 3856, the will is proved in solemn form by all the witnesses and ordered to record after due notice of the proceeding to all heirs. The presentation or exhibition of the will to

the ordinary is necessary, both in proving the will in common form and in proving it in solemn form. *Brown* v. *Anderson,* 13 *Ga.* 171, 176. The recital, therefore, in the letters testamentary, issued upon the probate of the will in solemn form on January 2, 1928, that it was then "exhibited in open court," does not show or indicate that the will had not been previously exhibited and probated in common form.

With regard to the recitals in the affidavits of illegality filed by the plaintiff in error, the original affidavit filed in October, 1927, states that he "is an heir at law, and *interested in the administration of her estate, having been named as executor of the last will and testament*" of the deceased. It nowhere appears in this affidavit that the affiant, as the person "named as executor," had not previously presented the will to the ordinary for probate in common form, under his legal duty to do so as soon as practicable after the death of the testatrix on December 5, 1925. Civil Code, §§ 3868, 3862; *Young* v. *Freeman,* 153 *Ga.* 827, 831 (113 S. E. 204).

In September, 1933, six years after the filing of the original affidavit of illegality, the plaintiff in error filed another affidavit of illegality, stating that the deceased had died at the time above stated, and that when the execution was issued on June 15, 1927, there was "no one *qualified* as a representative of her estate until the 2d day of January, 1928;" that when the first affidavit was filed, "he had not *qualified* as executor of the estate, . . but as an heir at law to said estate he had the right to resist the illegal levy made;" and that on the date of the levy, October 6, 1927, "he was not the executor of the estate," and that "said property was not in his possession." In his amended affidavit of illegality, filed as "executor of the estate" on September 15, 1933, he states that when the execution issued on June 15, 1927, "and for several months thereafter, this deponent was not the executor of the estate; that he, though being *named in the will* of Mrs. R. E. Carmichael *as executor,* . . did not *qualify* as such until the 2d of January, 1928, at which time this deponent *qualified* as such executor of the estate," and that the execution should be dismissed because "there was no legally *qualified* person against whom such execution could legally issue on the date it was so issued, as no legal execution could have issued against an estate until there was

some one *qualified* to represent such estate, and that Mrs. R. E. Carmichael died on the 5th of December, 1925, and her estate had no representative when judgment was issued against her estate." The effect of these affidavits, beyond the mere conclusions of law, after expressly stating that the affiant was the person named as executor in the will, was merely to raise the defense that there was no *"qualified"* executor or representative. Qualification as executor and probate of the will in solemn form not being essential to the right of the executor named in the will, after probate in common form, to appear as a party in a proceeding affecting the preservation of the estate, and to file an affidavit of illegality to an execution involving the sale of its lands, the affidavits of the plaintiff in error did not negative this right and power.

The contention in the motion for rehearing that this court failed to consider and properly construe the record is, therefore, without merit, and the motion shows no good reason for a modification of the original decision.

*Rehearing denied. Sutton, J., concurs. Stephens, J., disqualified.*