DAVIS *et al. v.* BALDWIN.

No. 11910.   NOVEMBER 13, 1937.

*George H. Perry,* for plaintiffs in error.

*R. R. Jones* and *T. T. Molnar,* contra.

GRICE, Justice.   A petition was brought by Mrs. Irene Baldwin against Mrs. India Bell Davis and others, in which the petitioner prayed for a general judgment against certain of the defendants, for a special lien against certain real property, and for cancellation of deeds.   The jury returned a verdict in favor of the plaintiff

for a stated sum, and that the deeds which she attacked be canceled. The defendants' motion for new trial was overruled, and they excepted.

■ The motion for new trial complains of the admission in evidence of stock executions issued by the State superintendent of banks, for the purpose of showing insolvency of the bank; movants contending that such executions were not admissible, for the reason that there was no evidence indicating that they had been legally issued by the superintendent after giving thirty days notice to the stockholders, as required by the statute. There being a legal presumption that the superintendent of banks did his duty as required by law, and there being no contention that the bank was in fact not insolvent, the objection stated was without merit. Compare *Manly* v. *Mobley*, 174 *Ga.* 228, 236 (162 S. E. 536); *Butler* v. *Mobley*, 170 *Ga.* 265 (152 S. E. 229); *Brock* v. *Gormley*, 53 *Ga. App.* 789, 792 (187 S. E. 211); *Carmichael* v. *Mobley*, 50 *Ga. App.* 574 (4) (178 S. E. 418).

■ Error is assigned upon the admission in evidence of a certified copy of the constitution and laws of the State of Illinois, pertaining to taxation, tax returns, and ad valorem taxes on security deeds and mortgages held in Illinois and outside of Illinois, certified by the Secretary of State of Illinois under the great seal of that State, giving the date the law was enacted, and certifying that it continued in force to a date stated; the objection to this evidence being that proof of the law of a foreign State could not be made by such certificate. Under our Code, § 38-622, which provides that "Foreign laws and judgments shall be authenticated under the great seals of their respective States," this ground is without merit.

■ Another ground complains that the court, in charging the jury as to the contentions of the parties, stated to them that the plaintiff contended, among other things, that one item of principal was due and unpaid, when as to that particular item the plaintiff contended only that the interest alone was due. This ground, as shown by the court's note appended thereto, did not receive the unqualified approval of the judge. Moreover, the charge was harmless, since the verdict was for a less amount than that actually contended for by the plaintiff.

■ The last ground assigns error upon the following charge

**42**

to the jury: "When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus shall be on the husband and wife to show that the transaction is fair;" the alleged error being that this charge was inapplicable to the issues in the case, and was misleading and prejudicial, in that the plaintiff made no such contention, nor was there any evidence to support such contention. Considering all the allegations and the proof, the charge was a correct statement of the law applicable to the contentions and proof in this case.

The verdict was authorized by the evidence.

*Judgment affirmed. All the Justices concur.*