PETTY *et al. v.* BRYANT, sheriff, *et al.*

No. 12793. MAY 9, 1939.

*R. Carter Pittman* and *Jack B. Ray,* for plaintiffs in error.
*W. E. & W. G. Mann,* contra.

JENKINS, Justice. This was a proceeding against the principal and the surety on a ne exeat bond. The surety pleaded non-liability, contending that the principal had appeared in compliance with the conditions of the obligation, that a final judgment had been entered, and that the bond was functus officio. There was no demurrer to either the petition or the plea. The surety by direct bill of exceptions assigns error on the action of the court in refusing to allow him "to introduce any evidence whatsoever in support of his plea or answer or to be in any manner heard," and on the judgment as "contrary to law." *Held:*

1. If a ruling or decision complained of as erroneous is one preceding the final judgment, and a proper specific assignment of error is made as to such antecedent ruling or decision, and the final judgment is also excepted to, not because of additional error in it, but because of the antecedent ruling which entered into and affected the further progress or final result of the case, a general exception to the final judgment in support of the specific exception to the antecedent ruling will suffice to give the reviewing court jurisdiction to determine such specific exception. *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047). The specific and general exceptions in this case were thus sufficient to require this court to determine whether the trial court erred in refusing to the defendant the right to support his plea by any evidence whatever, "or to be in any manner heard." Under such a ruling, which had all the effect of sustaining a general demurrer to the plea, the general rule that an assignment of error as to the exclusion of particular evidence must disclose, either literally or in substance, what the evidence was, has no application. As to this general rule, see *Stone* v. *Hebard Lumber Co.,* 145 *Ga.* 729

(89 S. E. 814), and cit.; *Reynolds* v. *Reynolds,* 130 *Ga.* 460 (60 S. E. 1053) ; *Brotherton* v. *Stricklin,* 140 *Ga.* 610 (79 S. E. 459). The plea, if sustained by proof, having set forth a good defense, the ruling was error.

2. The statute requires that a bill of exceptions shall specify the decision complained of, and the alleged error. Code, §§ 6-901, 6-1607. Thus where, as here, exception is taken to a specific anteced-ent ruling as stated, the plaintiff in error can not·be heard, under a vague and uncertain general exception to the judgment as "con-trary to law," to complain of other alleged errors which .might possibly have been assigned, and which in this case are in fact urged in' the brief of counsel, but which are not in any wise specified in the bill of exceptions. Accordingly this court is with-out jurisdiction to consider the questions, raised for the first time in the brief of the plaintiff in error, as to the validity of the bond sued on, or whether the judgment for the plaintiff was without evidence to support it. See *Cates* v. *Duncan,* 180 *Ga.* 289 (179 S. E. 121) ; *Williams* v. *Visualizit Inc.,* 177 *Ga.* 832 (171 S. E. 563) ; *Fidelity & Deposit Co.* v. *Anderson,* 102 *Ga.* 551 (28 S. E. 382) ; *Patterson* v. *Beck,* 133 *Ga.* 701, 704 (66 ·S. E. 911) ; *Mutual Building & Loan Asso.* v. *Glessner,* 99 *Ga.* 747, 748 (27 S. E. 187) ; *Hall* v. *Huff,* 74 *Ga.* 409; *Groover* v. *Inman,* 60 *Ga.* 406 (5). *Judgment reversed. All the Justices concur.*