J. & J. KAUFMAN, plaintiffs in error, *vs.* AUSTIN & COMPANY, defendants in error.

The agent of plaintiffs agreed to sell defendants a lot of merchandise at a certain price, and on the arrival thereof presented to them an overcharged bill. They refused to pay it or to take the goods. Plaintiffs' agent offered to deduct the overcharge, but defendants refused to pay. Afterwards, plaintiffs drew on defendants for the same amount as that of the bill. The latter again refused to pay. Plaintiffs sold the goods at a sacrifice, and sued for the loss incurred thereby:

*Held*, that it was error to charge that defendants should have pointed out the overcharges in the bill when it was presented, and failing to do so they would be liable for the difference between what the goods brought and the amount charged in the bill.

Kaufman *vs.* Austin & Company.

Sales.  Damages.  Before Judge CRAWFORD.  Muscogee Superior Court.  November Term, 1875.

Reported in the decision.

BLANDFORD & GARRARD, for plaintiffs in error.

PEABODY & BRANNON, for defendants.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendants to recover damages for refusing to receive and pay for a lot of bacon which the plaintiffs alleged the defendants had purchased of them.  On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiffs for the sum of $323 35.  A motion was made for a new trial on the following grounds:

1st. Because the court erred in charging the jury, "that if the defendants, when the bill was presented to them, failed to point out the overcharges in the bill to plaintiffs, so that the same could be corrected, that then they were liable to the plaintiffs and could not refuse to take the goods and throw them back on plaintiffs."

2d. Because the court erred in charging the jury, "that if defendants purchased the goods of plaintiffs, to be paid for on arrival, and even if some of them were overcharged, then if defendants failed to point out the mistake to plaintiffs or their agents, but refused to take them, that then plaintiffs could sell said goods, and defendants were liable to plaintiffs for the difference between what the goods sold for and the amount charged on the bill."  The court overruled the motion, and the defendants excepted.

It appears from the evidence in the record that Elsberry, a witness for the plaintiffs, testified that, as their agent, he made a contract with the defendants to sell them a lot of bacon at the prices charged in the bill, to-wit: clear ribbed sides at fifteen and three-eighths cents, and shoulders at ten and one-

eighth cents; said bacon to be delivered free of charge on board the cars at Louisville. On the arrival of the bacon at Columbus, witness presented the bill to defendants, on which was charged $30 32 for drayage and brokerage; the defendants refused to pay it and receive the bacon, because the amount charged in the bill was not in accordance with the contract. Witness stated that the charge of $30 32 for drayage and brokerage was not in accordance with the contract made with defendants, and when they refused to pay it, he, as the agent of the plaintiffs, offered to knock it off and receipt them in full for the balance of the bill which was correct according to the contract.

Blackman, a witness for plaintiffs, testified that he presented a draft drawn by the plaintiffs on the defendants in favor of Warren, Mitchell & Company, payable at sight, for the amount of the bill as hereinbefore stated, accompanied with a bill of lading, and that the defendants said that the charge in the bill for drayage and brokerage was wrong and that they would not pay it nor take the bacon. Witness proposed to knock off the amount of the charge for drayage and brokerage and take defendants' draft on Warren, Mitchell & Company for the overcharge, if defendants would pay the balance, which defendants declined to do. Witness then protested the draft, which was in the usual form, with the exception that it contains the following words, the payment of the draft refused the defendants saying " we will not pay the draft; they charged us the wrong price for the goods, and we throw the goods back on them."

The plaintiffs proved that the bacon was sold and brought $323 35 less than the amount of the bill as charged to the defendants. One of the defendants testified that he only agreed to give fifteen and one-eight cents per pound for the clear ribbed sides, and substantially corroborated the statement of the other witnesses in other respects as to the overcharge for drayage and brokerage, and his refusal to receive and pay for the bacon because of such overcharge in the bill presented therefor by the plaintiffs. This witness also testified that the price of

Kaufman *vs.* Austin & Company.

bacon was declining from the time of the making of the contract to the time of his refusal to receive it.

Was the charge of the court right in view of the evidence contained in the record? Were the defendants liable to the plaintiffs for refusing to pay the overcharged bill presented for the bacon and declining to receive it, because the defendants failed to point out the overcharge in the bill to the plaintiffs so that the same could be corrected? There is no dispute that the bill for the bacon, as presented to the defendants for payment, was not in accordance with the contract price so far as the charge for drayage and brokerage was concerned. There is a conflict in the evidence as to the price agreed to be paid for the bacon, which was a question for the jury to determine, and that question should have been submitted to them. The plaintiffs' agent, who made the contract with the defendants for the bacon, was the identical party who demanded payment of the overcharged bill in the first instance. Why should the defendants have pointed out to him the overcharge in the bill, who must have known the fact quite as well as the defendants? The plaintiffs' agent did not tell the defendants that there was any mistake or overcharge in the plaintiffs' bill for the bacon before he demanded payment of the full amount thereof.

The plaintiffs made a second attempt to collect from the defendants the full amount of the overcharged bill, through Blackman, by the presentation of a draft drawn in favor of Warren, Mitchell & Company, which defendants refused to pay, for the reason that the charge of $30 32 for drayage and brokerage was wrong. Blackman proposed to knock off that amount from the bill if the defendants would give a draft on Warren, Mitchell & Company for the overcharge and pay the balance, which they declined to do, knowing, it is reasonable to presume, that if they drew a draft on Warren, Mitchell & Company for the $30 32, the overcharged amount, that they would have it to pay in addition to the balance of the bill. Because the defendants refused to submit to the terms proposed by Blackman, they were subjected to protest.

Kaufman *vs.* Austin & Company.

Why should the defendants have been required to point out to Blackman that the bill for the bacon was overcharged by mistake, when there was no evidence that the bill made out by plaintiffs against the defendants for the bacon was overcharged by *mistake?* So far as the evidence in the record shows, the overcharged amount in the bill was made by the plaintiffs with the intention of collecting the same from the defendants. The plaintiffs made two attempts to collect the full amount of the overcharged bill from the defendants, and if they had happened to have died, they probably would have been successful in collecting it out of their representatives, as they might have been entirely ignorant of the terms of the contract. The better policy is to charge the contract price for the goods sold, and not attempt to demand or collect any more than that, and then the purchaser will be compelled to receive and pay for them whether the price of the goods declines in value or not. If the plaintiffs had made the overcharge in the bill by mistake, and had so stated to the defendants when it was presented for payment, and had offered to rectify the mistake, and had demanded payment for only the amount that was justly due under the contract, it would have presented an entirely different question; but that is not the statement of facts disclosed in the record of this case. The plaintiffs must be presumed to have known what were the terms of the contract for the sale of the bacon and the amount charged in their bill for it, quite as well as the defendants, and there was no evidence of any overcharge in the bill by *mistake,* and therefore the charge of the court, that if the defendants failed to point out the overcharges in the bill when it was presented to them for payment, so that the same could be corrected, or failed to point out the mistake in the bill to the plaintiffs or their agent, but refused to take the goods, that then the plaintiffs could sell them, and defendants would be liable for the difference between what the goods sold for and the amount charged in the bill, was error, and the motion for a new trial should have been granted. The defendants never consented to the terms of the contract for the purchase of the bacon

which the plaintiffs sought to enforce against them, and there-
fore that contract, so sought to be enforced by the plaintiffs,
was incomplete so far as the defendants were concerned, and
could not be enforced against them : Code, section 2727.

Let the judgment of the court below be reversed.

JACKSON, Judge, concurred *dubitante.*