## JOHNSON *vs.* J. S & W. H. LATIMER.

1. Where a grain separator was sold, and the contract specified that the price of the machine should be a given amount, and the freight thereon to the point of delivery should not exceed a specified amount; if, upon the arrival of the machine, the vendor presented a bill for an amount of freight greater than that specified in the contract, the vendee was not compelled to accept the property and claim a deduction on account of the excessive freight charges.    He could refuse to receive the machine, and repudiate the contract.

2. It is only in the absence of an express warranty that resort can be had to an implied warranty, and where there was an express warranty, the court could refuse to charge on the subject of implied warranty.

(*a.*) The charge given, while not as clear and exact as it might have been, does not require a new trial.    The entire charge not being sent up, this court will presume that the judge charged correctly in respect to the express warranty in the case.

3. Where the statute of frauds was not pleaded, and there was no demurrer, motion for non-suit, or objection to testimony, so as to

invoke a ruling in the court below on that subject, this court will not grant a new trial on the ground that the verdict is contrary to law, because it appears that the contract sought to be enforced should have been in writing.

January 15, 1884.

Contracts. Warranty. Charge of Court. Statute of Frauds. Before Judge POTTLE. Warren Superior Court. April Term, 1883.

J S. & W. H. Latimer brought complaint against Johnson on an open account, containing but one item, viz: "To first payment on one Monarch Separator, due on arrival, $212.50."

Defendant pleaded the general issue. The evidence on behalf of plaintiffs was to the effect that they had sold to Johnson a separator for $425, one half of which was payable on delivery, and the balance in six months; that defendant ordered a machine with a cylinder of given size, and there was no warranty as to weight; that one of plaintiffs warned him that it would be too large, but he insisted that he knew what he desired; that plaintiff also told him that he supposed the freight would be $1.65 per hundred, and that in fact, it was $1.54 per hundred; that on its arrival defendant refused to take the machine.

The evidence on behalf of defendant was to the effect that he desired a portable separator, for the purpose of hauling it about the country with his team; that he so informed Latimer, who guaranteed that the machine should be what he desired, and that it should not weigh over two thousand pounds; that he also agreed that the freight should not cost above thirty-three or thirty-four dollars; that the machine was ordered by plaintiffs, was consigned to them, and upon its arrival at Warrenton, the place of the contract, plaintiffs called upon him for eighty-two dollars freight; that the actual weight of the machine was twenty-eight hundred pounds, or, as billed on the railroad, five thousand pounds.

The jury found for the plaintiffs. Defendant moved for a new trial, on the following grounds:

(1), (2), (3.) Because the verdict was contrary to law and evidence.

(4.) Because the court refused to charge the following request: " If the machine sold defendant by plaintiffs is not reasonably suited to the use intended, plaintiff cannot recover in this case, unless there was a special contract as to size," etc.

(5.) Because the court charged as follows : " The warranty which the law required Latimer to make was that the article sold was a separator, that is to say, that it would separate the grain from the chaff, but he did not warrant that it was suitable for transportation over the roads in the country, or that it was such a machine as could be pulled by Johnson's teams."

(6.) Because the court charged as follows : " Even if the bill presented to defendant by plaintiffs was for more freight than defendant agreed to pay, still this would not relieve defendant of his obligation to take the machine, but would only entitle him to a credit of the difference between the freight charged and the freight agreed to be paid."

The motion was overruled, and defendant excepted.

JAMES WHITEHEAD, by J. H. LUMPKIN, for plaintiff in error.

J. L. BATTLE ; J. C. REED, for defendants.

HALL, Justice

1. The court charge. the jury that even if the bill presented to the defendant for the machine sold, and upon which the suit was founded, was for more freight than the defendant agreed to pay, this would not relieve him of his obligation to take the machine, but only entitle him to be credited with the difference between the freight

charged and the freight agreed to be paid.    To this charge
the defendant excepted, and assigns the same as error.
This assignment of error is sustained by the decision of
this court in *Kaufman vs. Austin & Co.*, 57 *Ga.*, 87 ; which
is much like the present case in its facts.    In that case,
the principal dispute was as to a small charge for drayage,
which the plaintiffs affirmed that defendants had agreed
to pay, but which they denied, claiming that, by their
contract, they were to have the bacon, the subject-matter
of the suit, free on board the cars, at the point of ship-
ment at a stipulated price.    The defendants refused to
take the bacon, although the plaintiffs were willing to cor-
rect the alleged error as to freight.    They also, when
called upon to do so, refused to point out errors in the ac-
count of sales rendered.    The judge of the superior court
charged that, unless they did this, they could not refuse to
take the goods, and throw them back upon the plaintiffs.
The plaintiffs had a verdict; a new trial was moved for on
account of this error, and refused; this court reversed the
judgment, Jackson, J., *dubitante.*    At the close of the
opinion, Warner, C. J., said : " The defendants never con-
sented to the terms of the contract for the purchase of the
bacon, which the plaintiffs sought to enforce against them,
and therefore that contract, so sought to be enforced by
the plaintiffs, was incomplete, so far as the defendants were
concerned, and could not be enforced against them ;" and he
cites Code, §2727, which declares that " the consent of the
parties being essential to a contract, until each has assent-
ed to all the terms, the contract is incomplete ;" and
further, that " until assented to, each party may withdraw
his bid or proposition, unless a given time is agreed on in
which the other party may assent."    A party offers one
price for a piece of property which he wishes to purchase;
the seller agrees to the price offered, but when he comes
to deliver the property, he insists upon other terms than
those originally agreed on ; the purchaser is not bound to
receive it upon these latter terms.    He may well reply, "I

entered into no such agreement; this is not my contract; and when a different one from that to which I consented is presented, I refuse to accept it, and claim my release from the former obligation into which I entered." A bargain broken on one side is not binding on the other.

2. Inasmuch as the defendant relied upon an express warranty, the court did not err in refusing to charge, at his request, that " if the machine sold defendant by plaintiffs was not reasonably suited to the use intended, the plaintiffs could not recover ,unless there was a special contract as to size," etc.; nor was there error in charging the reverse of this request, under the circumstances which the defendant had given in proof, and which he, of all persons, was not at liberty then to ignore or repudiate, viz: That the warranty which the law required the plaintiffs to make was that the article sold was a separator, that is to say, that it would separate the grain from the chaff, *but he did not warrant that it was suitable for transportation over the roads in the country, or that it was such a machine as could be pulled by defendant's team."*

Taking the latter part of this charge, which has been italicized, in connection with what immediately precedes it, we cannot coincide in the view which has been urged against it in argument here—that it expresses a decided opinion that plaintiffs did not warrant that the machine was suitable for transportation over the roads of the country, etc. We think all that was intended, and was, in fact, substantially said, was that the law did not require such a warranty, and consequently that it could not be implied therefrom. In this respect, the expression of the principle is not so clear and exact as it could have been made, and is, perhaps, not sufficiently guarded, but we cannot say that the jury did not understand it as it was evidently intended by the judge, and as it must impress any one, when it is considered, not in detached parts, but as a whole.

A simple refusal of the request, without any charge upon an inapplicable principle, would have been the bet-

ter course. It is only in the absence of an express warranty upon the subject, that resort can be had to an implied warranty. If there is "no express covenant of warranty, the purchaser must exercise caution in detecting defects; the seller, however, in all cases (unless expressly or from the nature of the transaction excepted) warrants," among other things, that the article sold "is merchantable and reasonably suited to the purpose intended," and "that he knows of no latent defects undisclosed." Code §2651, par. 2, 3. The maxim of the common law, " *expressum facit cessare tacitum*," embodies the principle. We must presume that the court charged the law applicable to the express terms of the contract, as insisted upon by one party and denied by the other. No other portion of his charge was given except the parts objected to, which relate to implied warranty. If he had erred in relation to the express warranty, not only the charge complained of, but the error alleged, should have been specified. Any other course would be unjust to the parties and unfair to the judge. The particulars as to which it is insisted the court was in error, are not covered by an implied warranty.

3. It is contended that, as this was a verbal contract for the sale of goods to the amount of fifty dollars or more, it was obnoxious to the 1950th sec., par. 7th of the Code, and was, therefore, invalid; that to render it binding, it should have been in writing.

This defence was not specially pleaded. No motion was made to non-suit the case at the close of plaintiff's evidence, nor was any demurrer taken and urged on this distinct ground. The court below did not pass upon the question; it would seem, therefore, that there is nothing here which this court can or ought to review.

In *McDougald vs. Banks*, 13 *Ga.*, 451, this court held that, "to take advantage of the first section of the statute of frauds, declaring parol leases void, it is necessary to plead it, unless the pleadings of the plaintiff show that his case is not within the exceptions to that statute."

v 71–31

In delivering the opinion of the court, Nisbet, J., said: "It is a safe rule always to plead the statute. It is necessary to plead the section relied on in this instance. The party ought to be warned of the defence of the statute, that he may prepare to bring his case within the exceptions. Whether a lease is or not within the exception depends upon two facts, to-wit: it must be for a term not exceeding three years, and the rent reserved by it must be equal to two-thirds of the improved value of the premises. These are issuable facts, and unless by the pleadings they are admitted not to exist, I do not see how the question of the statute can be made without a plea, which ought not only to set forth the section which makes void parol leases, but which ought also to negative the coming of the case within the exceptions." So in the case at bar, the section of the statute relied on, requiring the contract for a sale of goods to the amount of fifty dollars or more to be in writing, excepts from its operations all transactions in which the buyer shall accept part of the goods sold, and actually receive the same, or shall give something in earnest to bind the bargain, or in part payment. Code, §1950, par. 7. In *Denmead vs. Glass et. al.*, 30 *Ga.*, 637, the court sustained a motion to non-suit a case, whereupon, at the close of the plaintiff's evidence, it appeared that it was a contract which, under this section of the statute, should have been in writing, but rested in parol, and was not within either of the exceptions taking it out of the operation of the section. Where a non-suit was awarded by the superior court upon this ground, before the plaintiff closed his evidence, the judgment was reversed by this court, because, as Warner, C. J., remarked, it could not be known whether the plaintiff would be able to take his case out of the operation of the statute by the introduction of evidence, and "he was entitled to have the opportunity to do so."

In this case, there was no plea or demurrer, no motion for a non-suit, no objection to testimony, and not even an intimation that a charge or ruling upon the subject was

Johnson *vs.* J. S. & W. H. L.timer.

desired at any stage of the proceedings ; nor was there, in the motion for a new trial, any such ground hinted at.   If the defendant was apprised of its existence, he seems to have waived it, or perhaps, to have admitted by his conduct the ability of his opponents to have brought themselves within some one of the exceptions, or to have produced an acknowledgment in writing of the existence of the contract.   There is mention of a letter in the evidence, addressed by the defendant to one De Beaugrine, who seems to have been connected with the parties in this business, desiring him to have the order given for the machine countermanded, and to prevent its going forward.  The answer of the party addressed is given in full, and the defendant was informed that his order had been forwarded before the receipt of his note ; he is advised to disabuse his mind of any impression that the separator was not as good and substantial as any made.  How far this correspondence may go to relieve this case from the bar of the statute, we cannot possibly know, and what other like evidence the plaintiffs may have had, which would have been produced, if they had been given timely notice of this defence, it was not probable that the court or the opposite party would be likely to know.   Upon another trial, which must be ordered upon the single ground above stated, opportunity will be afforded for a full investigation of this question upon proper notice to the parties.   There is nothing in the other grounds of the motion not herein specially discussed.

Judgment reversed.