## 884.   FAIN & STAMPS *v.* ENNIS.

1. To give in charge the law of implied warranty is not reversible error, where a purchaser relies on an express warranty which is merely co-extensive with the warranty which the law implies.

2. In the absence of an express agreement otherwise, the law fixes the weight of sweet potatoes at 55 pounds to the bushel.

3. Grounds of a motion for new trial which complain of errors in the admission or rejection of testimony, but fail to set out the objections, if any, that were urged in the court below, will not be considered.

4. The minor errors in the admission or rejection of testimony do not warrant a reversal of the judgment sustaining the verdict of the jury.

Complaint, from city court of Atlanta—Judge Calhoun. September 27, 1907.

Argued February 4,—Decided September 28, 1908.

Ennis sued Fain & Stamps for $229.13, balance alleged to be due for sweet potatoes which he had sold to them. The defendants pleaded that the plaintiff sold the potatoes under an express warranty that they were sound, yellow yam, sweet potatoes, but that they were as a matter of fact very unsound and of a mixed variety.

The evidence at the trial was very conflicting. The defendants' contention that the potatoes were not yellow yams was not borne out by the evidence; but there was evidence from which the jury could have inferred that they were not sound. The verdict was in favor of the plaintiff. The defendants' motion for a new trial was overruled, and they except.

*Moore & Pomeroy,* for plaintiff in error.

*E. D. Thomas, Anderson, Felder, Rountree & Wilson,* contra.

RUSSELL, J. (After stating the foregoing facts.)

1. The controlling question in this case arises upon exceptions to the charge of the trial judge. The defense was the breach of an express warranty that the potatoes were sound. The judge charged the jury as follows, on the subject of warranties: "Now the law presumes there is an implied warranty in the sale of all articles. There is an implied warranty that the goods sold are merchantable and reasonably suited to the use intended; and so that is an implied warranty that Ennis made when he sold Fain & Stamps those potatoes, that they were merchantable and reasonably suited to the use intended. So, if you believe from the evidence in the case that they were merchantable and reasonably suited for the use intended at the time Ennis sold to Fain & Stamps, then you will find a verdict in his favor for what you think he is entitled to recover. If, on the contrary, you believe those goods were not reasonably suited to the use intended and not merchantable, and that they were rotten potatoes, and when he bought them that they were rotten potatoes, then you will find for the defendants, Fain & Stamps. While that implied warranty is on all goods sold, still that implied warranty does not prevail upon the natural decay of goods otherwise sound. . . If you believe those potatoes were sound at the time of sale, but still they had been treated in such a way and were in such a condition that they were not merchantable, not reasonably suited to the use intended, then you will find that way on that contention." At the conclusion of this charge, the attorney for the defendants stated to the court, "We also contend there was an express warranty in the original transaction, in which the plaintiff warranted that they were sound and merchantable potatoes;" whereupon the court said: "It is the same thing I charged. If he did not make any warranty at all, the implied warranty would be that they are

reasonably suited to the uses intended; and if he made an express contract, it would be that they were reasonably suited to the use intended. So it is the same thing."

The express warranty on which the defendants relied was that the potatoes were sound. This warranty was merely coextensive with the warranty which the law implied, and did not confer any greater rights on the purchaser than the law conferred without it. If Ennis had sold sweet potatoes to the defendants without any express warranty at all, the law would have implied a warranty that the potatoes were merchantable and reasonably suited to the uses intended, and that he knew of no latent defects undisclosed. Civil Code, §3555. Sweet potatoes which are unsound are not merchantable and would not be reasonably suited to the uses intended in the present case. In the last analysis, therefore, the law governing this transaction, while inaptly stated, was not incorrectly given in charge to the jury, though the judge labeled it implied warranty, instead of express warranty. The substance of the law is the guide for the jury; its nomenclature may be disregarded. The error of the judge was therefore harmless. The decisions to which we are cited are not in point. They relate to cases in which the express and the implied warranty are not coextensive. See, however, *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 363 (58 S. E. 222), and *Hawley Furnace Co.* v. *Van Winkle Works,* ante, 85· (60 S. E. 1008), which review and explain the rule intended to be laid down in *Johnson* v. *Latimer,* 71 *Ga.* 470. The defense that the potatoes were not yellow yams is not supported by any evidence. The undisputed evidence as to this is that there were about 12,000 pounds of white or mixed potatoes in the two car-loads, and that the parties had adjusted this by a reduction of ten cents a bushel in the price.

2. The price at which the potatoes were sold was sixty cents a bushel. In calculating the amount of their verdict, the jury allowed 55 pounds to a bushel. There is no evidence, in the record, of any agreement between the plaintiff and the defendant as to the number of pounds to a bushel, governing this transaction. One of the witnesses stated, in the course of his testimony, that it required 60 pounds of these potatoes to make a bushel. He admitted, however, that he did not weigh the potatoes or see them weighed; and, therefore, the statement was hearsay and without

probative value. *Moultrie Lumber Co.* v. *Driver Lumber Co.*, 122 *Ga.* 26 (49 S. E. 729); *Suttles* v. *Sewell*, 117 *Ga.* 216 (43 S. E. 486); *Equitable Mtge. Co.* v. *Watson*, 119 *Ga.* 282 (46 S. E. 440). In any event, in the absence of any agreement otherwise, the law declares the weight of sweet potatoes to be 55 pounds to the bushel. Political Code, §1634.

3. Some of the grounds of the motion for new trial complain of errors in ruling on the admission or exclusion of evidence. The 4th, 8th, and 11th grounds do not state wherein the testimony was objectionable, or upon what grounds it was urged to the court below that the evidence should be admitted or excluded. We are consequently without authority to consider these objections. *Maynard* v. *Interstate B. & L. Asso.*, 112 *Ga.* 443 (37 S. E. 741); *Giles* v. *Vandiver*, 91 *Ga.* 193 (17 S. E. 115).

4. The record discloses a few minor errors in the admission and rejection of evidence, but none of them is, in our judgment, sufficiently grave to warrant the grant of a new trial.

*Judgment affirmed.*