### VERNER *v.* DeKalb County, Georgia.

HEAD, Justice. 1. "The losing party to a judgment on general demurrer is given the option to sue out a direct bill of exceptions assigning error on the judgment, or to have certified and filed exceptions pendente lite. If the latter course be followed, the ruling on demurrer becomes a pendente lite ruling which is reviewable only after the termination of the case, on exceptions taken to the final judgment rendered therein. Civil Code (1910), § 6138 [now Code, § 6-701]." *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Smith* v. *Barksdale,* 199 *Ga.* 823 (35 S. E. 2d, 149); *Story* v. *City of Macon,* 203 *Ga.* 105 (45 S. E. 2d, 196); *Simpson* v. *Simpson,* 204 *Ga.* 344, 345 (49 S. E. 2d, 898).

(*a*) No ruling can be made in the present case on the assignments of error on exceptions pendente lite.

2. In the grant or refusal of interlocutory injunctions, the trial judge is vested with a wide discretion, which will not be controlled by this court unless abused. Where, as in this case, the plaintiff alleges that it is necessary to take property of the defendant for the construction of a sewer line, and the defendant by his cross-action asserts that there is no necessity for the taking, and the application for interlocutory injunction is considered solely upon the pleadings, this court will not hold that the trial judge abused the discretion vested in him in denying the application for injunction.

*Judgment affirmed. All the Justices concur.*

No. 17287. NOVEMBER 13, 1950.

*G. S. Peck*, for plaintiff in error.
*Julius A. McCurdy*, contra.