CITY OF EAST POINT *et al. v.* MINTON *et al.*

No. 17295.   JANUARY 8, 1951.

*Phillips, Johnson & Williams,* for plaintiffs in error.

*Frank Grizzard, Norman H. Fudge,* and *Harold Sheats,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) "Equity will not enjoin a criminal prosecution solely to prevent such a prosecution, but it will in any proper case, by injunction or otherwise, prevent injury or destruction of property." *Great Atlantic and Pacific Tea Co.* v. *City of Columbus,* 189 *Ga.* 458 (1), 464 (6 S. E. 2d, 320), and cases cited; *City of Albany* v. *Lippitt,* 191 *Ga.* 756 (1) (13 S. E. 2d, 807); *Chandler* v. *City of Tifton,* 206 *Ga.* 43 (4) (55 S. E. 2d, 568). The pleadings and evidence in the present case, showing that the defendants, in addition to making numerous cases against Minton, had arrested new tenants attempting to move on the trailer park, and

had threatened to institute criminal prosecutions against any of the petitioners who remained on the lot after the expiration of the 60 days referred to in the ordinance of July 17, 1950, were sufficient to authorize a court of equity to intervene.

While the bill of exceptions recites that "the court ruled that the only ordinance of which determination of the constitutionality was necessary to a determination of the issue in said case and that would be dealt with by the court in its judgment, was the ordinance of July 17, 1950," yet, neither the bill of exceptions, nor the judgment granting a temporary injunction, shows which if any of the provisions of the ordinance in question were held to be unconstitutional. Under a proper construction of the record as presented, the trial court merely granted an interlocutory injunction until the demurrers could be passed upon, and the case could be considered on the final hearing.

It is insisted that the undisputed evidence showed that Minton did not have a legal right to operate the trailer park, because the area on which it was located had previously been zoned for residential purposes by an ordinance duly adopted on October 26, 1939. The sole assignment of error is: "To which judgment granting said temporary injunction and enjoining the defendants, the defendants . . then and there excepted, and now except, and assign the same as error as being contrary to law, and say that the said judge then and there should have refused said injunction." In injunction cases, where the question usually is whether a judge abused his discretion in granting or refusing the writ, general assignments of error have been held sufficient to withstand a motion to dismiss. *Anderson* v. *Newton*, 123 *Ga.* 512 (51 S. E. 508); *Peginis* v. *City of Atlanta*, 132 *Ga.* 302 (63 S. E. 857). But in such cases, under a general assignment alone, special questions, "not shown to have been passed on, do not arise for decision." *Patterson* v. *Beck*, 133 *Ga.* 701, 707 (66 S. E. 911). Since it appears from the record that the trial court did not pass upon the effect of the prior zoning ordinance, no such question is now presented for decision.

Counsel for the city finally state in their brief: If the "court is of the opinion that the case is one of conflicting evidence, of which the grant or refusal of a temporary injunction was discretionary with the trial court, and so holds, then the defend-

ants will have suffered no injury, as they will not be cut off from their day in court on the issue of estoppel on the trial." The evidence was conflicting on the issue of whether a housing shortage still existed, and whether Minton had given reports required by the ordinance adopted July 7, 1950. "In the grant or refusal of interlocutory injunctions, the trial judge is vested with a wide discretion, which will not be controlled by this court unless abused." *Verner* v. *DeKalb County*, 207 *Ga.* 436 (2) (61 S. E. 2d, 921).

Applying the foregoing principles to the pleadings and evidence, the trial court did not abuse its discretion in granting a temporary injunction.

All such questions, as whether the defendants were estopped from enforcing the 1939 zoning ordinance, and which, if any, of the provisions of the ordinance of July 17, 1950, are violative of the State or Federal Constitution, are expressly left open for determination by the court below on the final trial of this case.

*Judgment affirmed. All the Justices concur.*