FULTON COUNTY *et al. v.* PHILIPS.

DUCKWORTH, Chief Justice. 1. "A bill of exceptions must plainly specify, not only the decision complained of, but the error alleged to exist therein, and without a compliance with this requirement, this court cannot consider the points made under such general exceptions." *Higgins* v. *The Cherokee Railroad*, 73 *Ga.* 149. The quoted rule is simply a restatement of the provisions appearing in the present Code, § 6-901, while by Code § 6-1307 it is required that this court look to all portions of the bill of exceptions and the transcript of the record and, if there appears in either a plain specification of the judgment complained of and a plain specification of the alleged errors, then the writ of error must not be dismissed. Considering the two sections

together, the rule still embodies two indispensable requirements, which are: (1) specification of the judgment, and (2) specification of the alleged errors therein.

2. Where by agreement all questions of law and fact are submitted to the judge without a jury, and he renders final judgment thereon, an exception to such a judgment is insufficient where it is merely stated that the judgment is error because it is contrary to law, without specifying what law is alleged to have been violated. The reason for this rule was stated in *Patterson* v. *Beck*, 133 *Ga.* 701 (66 S. E. 911), although the assignment there was held to be sufficient, and it was quoted with approval in *Cates* v. *Duncan*, 180 *Ga.* 289 (179 S. E. 121), where it was held that the assignment of error there dealt with was insufficient. This rule was applied in the recent case of *City of Douglas* v. *Atlantic Coast Line R. Co.*, 207 *Ga.* 690 (64 S. E. 2d, 63), on facts similar to those in the present case, and the writ of error was dismissed.

3. Counsel for the plaintiff in error, in resisting the motion to dismiss, relies mainly upon *Anderson* v. *Newton*, 123 *Ga.* 512 (51 S. E. 508), and *City of East Point* v. *Minton*, 207 *Ga.* 495 (62 S. E. 2d, 911). In both of those cases the assignment of error was substantially the same as that in the present case. In each of those cases, however, the judgment excepted to was one granting an interlocutory injunction. In *Kirkland* v. *Atlantic & B.R. Co.*, 126 *Ga.* 246 (55 S. E. 23), this court held that there was a difference between an interlocutory injunction and a final judgment rendered by the judge without the intervention of a jury on both the issues of law and the issues of fact. The opinion there undertook to point out the reason why the rule and the assignment of error were different. We will add to what was there said that in interlocutory injunctions there is no adjudication of facts. The judge considers the facts merely to guide him in the exercise of a sound judicial discretion, whereas in the final judgment by the judge he adjudicates both the issues of fact and the issues of law.

4. The exception here is to a final judgment rendered by the judge without a jury, by agreement of counsel that he pass upon all issues of law and of fact; and the bill of exceptions assigns error upon that judgment on the ground that it is contrary to law. There is no specification of grounds anywhere in the record, such as grounds of demurrer or grounds of a motion for new trial, which are contemplated by Code § 6-1307. It follows that the motion to dismiss on the ground that no proper assignment of error is made must be sustained.

*Writ of error dismissed. All the Justices concur.*

No. 17783. Argued February 12, 1952—Decided March 10, 1952—Rehearing denied March 25, 1952.

*Harold Sheats, Standish Thompson* and *E. A. Wright,* for plaintiffs in error.

*Gambrell, Harlan, Barwick, Russell & Smith* and *Robert R. Richardson,* contra.