18653. ROUGHTON *v.* THIELE KAOLIN COMPANY.

ALMAND, Justice. Hubert L. Roughton brought an action against Thiele Kaolin Company for damages and injunctive relief, claiming that the defendant, as an upper riparian owner, was polluting a stream of water flowing over the plaintiff's property, thereby creating a continuing nuisance, to the damage and injury of the plaintiff. This court, in *Roughton* v. *Thiele Kaolin Co.,* 209 *Ga.* 577 (74 S. E. 2d 844), held that the petition stated a cause of action for damages and injunctive relief. On March 27, 1953, on a hearing of the prayer for an interlocutory injunction, the court, after the introduction of evidence, entered an order denying an injunction. To this order the plaintiff excepted pendente lite on March 28, 1953. On May 21, 1954, there came on for a hearing the plaintiff's second application for an interlocutory injunction in the same case, and after hearing evidence and argument the court entered an order denying for the second time an interlocutory injunction. The plaintiff in the present bill of exceptions assigns error on his exceptions pendente lite, and by direct exceptions assigns error on the order of May 21, 1954. *Held:*

1. At the time the plaintiff's first application for an interlocutory injunction was denied on March 27, 1953, he had an option to have the order reviewed either by direct exceptions or by exceptions pendente lite. Having elected to file exceptions pendente lite, the ruling there made could be reviewed only in a bill of exceptions complaining of a final judgment. It not appearing that there has been a final judgment in the case in the trial court, the assignments of error on the exceptions pendente lite in this appeal, which complain only of the refusal to grant an interlocutory injunction, are premature, and cannot be considered. *Verner* v. *DeKalb County,* 207 *Ga.* 436 (1) (61 S. E. 2d 921); *Shoaf* v. *Bland,* 208 *Ga.* 709 (1) (69 S. E. 2d 258); *Malcom* v. *Webb,* 209 *Ga.* 735 (1) (75 S. E. 2d 801).

2. In the grant or refusal of interlocutory injunctions, the trial judge is vested with a wide discretion, which will not be controlled by this court unless abused. The evidence being in conflict in the instant case on the question of whether the act of the defendant in using the stream of

16

water which flowed through its property was sufficient to constitute a continuing nuisance to the injury of the plaintiff, it cannot be said that the trial judge erred in refusing to grant an interlocutory injunction. *Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1954—DECIDED SEPTEMBER 13, 1954.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*D. E. McMaster, Ruth C. Burns, E. T. Averett,* contra.