### 18778. DANIEL *v.* BOYKIN, Judge.

HAWKINS, Justice. Attached to the application in this case is what purports to be a bill of exceptions, which the applicant is seeking by mandamus to compel the judge of the superior court to certify. The bill of exceptions, after reciting the filing of an application to partition land, the appointment by the trial court of named partitioners, the granting of an order directing sale of the land, and the advertisement thereof for sale, further recites that the plaintiff in error filed his answer and objections to the partitioning proceeding, which, as amended, prayed that the sale of the land by the partitioners be enjoined, and that the land be not sold for reasons therein stated; that, upon the hearing of a rule nisi issued by the trial judge upon the presentation of the amended answer and objections on the part of the plaintiff in error, and after evidence was submitted by both sides, the court passed an order that the prayers of the defendant's answer be denied and that the property be sold as per advertisement. The bill of exceptions further recites "that the evidence, both oral testimony and documentary evidence, as set out in the brief of evidence attached hereto as Exhibit A and by reference hereby made a part hereof, was introduced at the trial by the defendant, and that the said brief of evidence attached as Exhibit A is a true and correct brief thereof," and the bill of exceptions then recites that "The plaintiff in error specifies the following portion of the record in said case as material to a clear understanding of the *errors* complained of in this bill of exceptions, and assigns error on each and every ruling therein contained." There follows a specification of 14 different portions of the record, including the purported brief of evidence, which contains numerous objections to the admission of evidence and the rulings of the court thereon, and various other statements and rulings of the court, colloquy between counsel, and between counsel and the court. Following the specification of the material portions of the record, the bill of exceptions recites: "Now, within the time provided by law, and within 30 days of th ᐧ date of the *rulings* complained of, comes the defendant, Elic Garland D niel, assigning error upon each and every ruling complained of as being contrary to law," and names the parties plaintiff in error and defendants in error, "and tenders this his bill of exceptions and prays that the same be certified as true, as provided by law, and transmitted to the Supreme Court of Georgia, that the *errors* complained of may be considered and corrected." *Held:*

1. Under Code §§ 6-901 and 6-1307 construed together, every bill of exceptions, to be valid, must meet two indispensable requirements: (1) it must plainly specify the decision, judgment, or ruling complained of;

**44**

and (2) it must clearly specify the error alleged to exist therein, and without a compliance with these requirements, this court cannot consider such general assignments of error as are contained in the present bill of exceptions. *Higgins* v. *Cherokee Railroad,* 73 *Ga.* 149; *Fulton County* v. *Philips,* 208 *Ga.* 795 (69 S. E. 2d 865).

2. While the merits of the assignments of error will not be looked into by this court in passing upon an application for mandamus to compel the judge to certify a bill of exceptions presented in proper form in a civil proceeding (the rule being different where the conviction in a criminal case has been affirmed and a second bill of exceptions is tendered complaining of rulings on motions, habeas corpus, etc., *McLendon* v. *Anderson,* 207 *Ga.* 243, 60 S. E. 2d 762), mandamus will not lie to compel the judge of the trial court to certify a bill of exceptions which is so defective for want of a proper assignment of error and a proper brief of evidence as to require its dismissal in case it should be certified. *Sistrunk* v. *Pendleton,* 129 *Ga.* 255 (58 S. E. 712); *Heard* v. *Helms,* 210 *Ga.* 669 (82 S. E. 2d 129).

3. The bill of exceptions in this case being fatally defective in failing to properly specify the decision, judgment, or ruling complained of, or the error alleged to exist therein, and because no proper brief of evidence, or proper transcript of the record with immaterial parts thereof stricken, adduced upon the trial, is attached thereto, which would require its dismissal if certified, the application for mandamus is denied.

*Mandamus nisi denied. All the Justices concur.*

DECIDED SEPTEMBER 24, 1954.

*Bruce Edwards, Joe Edwards, W. Geo. Thomas, C. C. Perkins,* for plaintiff in error.