### 38311. HARBOUR v. RITTENBAUM *et al.*

TOWNSEND, Judge. 1. The bill of exceptions in this case recites at length the dates on which various pleadings, demurrers, motions and orders were filed between May 1958, and March 1959. Ten orders of the court taken at various stages of the pleadings on 27 grounds of motions, demurrers and objections are recited in the bill of exceptions, together with the fact that the matter then proceeded to trial and resulted in a verdict for the plaintiff; the defendant made a motion for new trial and this motion was denied by the trial court. Then follows the only assignment of error. "Plaintiff in error insisted upon his motion for new trial and then and there and now excepts and assigns the overruling of the motion for new trial by the court on the 17th day of February, 1960, as well as all of the adverse decisions set forth in said record as being contrary to law." The defendant in error has moved to dismiss the bill of exceptions on the ground that there is no sufficient assignment of error.

2. The motion for a new trial is on the general grounds only, and there is no brief of evidence either in the transcript of the record or incorporated in the bill of exceptions. In the absence of a brief of evidence the motion for a new trial on the general grounds cannot be considered. *Quillian v. Mabry.* 88 Ga. App. 817 (1) (78 S. E. 2d 97).

3. "Under Code §§ 6-901 and 6-1307 construed together, every bill of exceptions, to be valid must meet two indispensable requirements: (1) it must plainly specify the decision, judgment or ruling complained of; and (2) it must clearly specify the error alleged to exist therein, and without a compliance with these requirements, this court cannot consider such general assignments of error as are contained in the present bill of exceptions. *Higgins v. Cherokee Railroad*, 73 Ga. 149; *Fulton County v. Philips*, 208 Ga. 795 (69 S. E. 2d 865)." *Daniel v. Boykin*, 211 Ga. 43 (84 S. E. 2d 48). "An assignment of error which complains of the sustaining of the plaintiff's 'special demurrers', without designating or otherwise pointing out what is meant, does not plainly specify the errors complained of as required by the Code when the record shows that only one demurrer was passed on, consisting of twenty-one paragraphs, none of which are referred to therein or in the order of the judge as 'special demurrers'." *Federal Land Bank of Columbia v. U. S. Fidelity &c. Co.*, 188 Ga. 138 (2 S. E. 2d 916). A general assignment of error on "rulings, statements, charges, and actions of the court and the procedure of respondent's counsel as set forth in the foregoing grounds of this amended motion" presents no question for decision. *Elliott v. Georgia Power Co.*, 58 Ga. App. 151, 160 (197 S. E. 914). "Complaint in general terms that illegal rulings were made, without setting out the nature of the rulings, constitutes no sufficient assignment of error." *Little v. City of Jefferson*, 9 Ga. App. 878 (3) (72 S. E. 436). The ten orders of the trial court relating to the pleadings in the case which are identified in the bill of exceptions contain matter which is favorable to the plaintiff in error as well as matter which is adverse to him, and orders which are final in nature as well as orders of a purely interlocutory character. The assignment of error directed to "all of the adverse decisions set forth in said record" fails, under the decision of *Daniel v. Boykin*, 211 Ga. 43, supra, sufficiently to identify the "decision complained of" as required by Code (Ann.) § 6-901 so as to present any question for decision on any of the orders and rulings relating to the pleadings. This court would first have to study all of the record, examine all of the orders, and then determine which orders or parts thereof were "adverse" before it could be determined what assignment of error is attempted to be made.

4. Since there is no brief of evidence in this case, and no assignment of error which can be considered in the absence of a brief of the evidence, the motion to dismiss the bill of exceptions on this ground must be sustained. *Aycock v. Bank of Bainbridge,* 92 Ga. 575 (17 S. E. 922); *Henriot v. Henriot,* 183 Ga. 510 (188 S. E. 684).

*Writ of error dismissed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED JUNE 1, 1960—REHEARING DENIED JUNE 22, 1960.

*Preston L. Holland,* for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland Jr., Harry P. Hall, Jr.,* contra.