22384. SIRMONS v. BANKS, Administratrix.

ARGUED FEBRUARY 11, 1964—DECIDED MARCH 6, 1964.

*D. W. Slone, Elsie H. Griner,* for plaintiff in error.

*B. Lamar Tillman, Tillman & Brice, C. Bradford,* contra.

HEAD, Presiding Justice. Shirley S. Banks, administratrix of the estate of John M. Smith, brought an action in ejectment against Lonie Mae Sirmons, which was consolidated with a pending receivership proceeding. The exception in the bill of exceptions is to an order dated November 22, 1963, and the assignment of error is as follows: "To this order and judgment of the said Superior Court Judge in sustaining the plaintiff's application for order under Section 38-2111 of the Annotated Code of Georgia, 1933, and the plaintiff's motion for summary judgment, the defendant excepted, and now excepts and assigns error on same as being contrary to law, and the plaintiff in error shows that such decision and rendering of judgment in favor of the plaintiff constituted the final, but illegal termination of the case."

An examination of the record indicates the following: On February 12, 1963, the plaintiff served on the defendant a request for admissions under the Act of 1953 (Ga. L. 1953, p. 224), as amended (*Code Ann.* § 81-1011). On February 22, 1963, the defendant filed her reply in which she admitted several of the requests for admission. In reply to the request for admission that the title to the land vested in the plaintiff as administratrix, the defendant asserted that the title that the plaintiff's intestate acquired was divested by a deed from the intestate to Leon Lewis, dated August 15, 1939, and recorded February 22, 1963. The plaintiff petitioned the court to require the defendant to produce this deed for inspection and photographing, asserting that to the best of the plaintiff's knowledge, information, and belief, the instrument is a forgery. The trial judge ordered the defendant to produce the instrument on March 8, 1963. On that date the defendant made an affidavit that she had made a diligent search for the deed but was unable to find it, and that she

did not have custody of the deed at the time of the service on her attorneys of the notice to produce. In connection with the failure to produce this deed, the plaintiff took the oral depositions of the defendant and her husband, and obtained written interrogatories from two attorneys who had represented the defendant at the time the notice to produce was served. On November 2, 1963, the plaintiff filed a motion for summary judgment. The defendant filed an answer to the motion, denying that the plaintiff was entitled to the relief prayed.

On November 22, 1963, Judge Lilly, presiding for Judge Lott, disqualified, passed the order excepted to by the defendant (plaintiff in error in this court). In this order the judge first decided that the plaintiff had established by reliable evidence that the defendant had wilfully failed to produce the instrument under which she claimed; that the plaintiff was thereby materially handicapped in her effort to substantiate her contention that the instrument is a forgery; and as a penalty for such wilful failure to produce the instrument he denied the defendant the right to support her defense with the instrument. The judge further held that, with the elimination of this instrument, and under the pleadings and admissions of the defendant, no issue of fact remained for submission to a jury, and he granted the plaintiff's motion for summary judgment. He ordered that: (1) Title to the land is vested in the heirs at law of the plaintiff's intestate; (2) A writ of possession issue to the plaintiff; (3) A deed from Leon Lewis to the defendant vested no title in her; (4) This deed is declared void and canceled; (5) This deed be canceled on the deed records; and (6) The receiver appointed to take charge of the land file his final report and pay the remainder of the funds in his hands to the plaintiff.

The plaintiff (defendant in error here) has filed a motion to dismiss the writ of error asserting that it contains no legally sufficient assignment of error. "If the case is not one in which a judgment on a motion for new trial is to be reviewed, the

plaintiff in error shall plainly and specifically set forth the errors alleged to have been committed, . . ." Ga. L. 1953, Nov. Sess., pp. 440, 447 (*Code Ann. Supp.* § 6-801). The brief summary we have made of the order of the judge indicates that numerous assignments of error might be made in connection with the various provisions of the order, and the sole assignment of error, that it was "contrary to law," is entirely too indefinite to present any question for decision by this court. *Cates v. Duncan,* 180 Ga. 289 (179 SE 121); *Fulton County v. Philips,* 208 Ga. 795 (69 SE2d 865); *Vick v. Farmers & Merchants Bank of Coolidge,* 209 Ga. 77 (70 SE2d 764); *Carter v. Langdale Co.,* 217 Ga. 800 (125 SE2d 487).

*Writ of error dismissed. All the Justices concur.*