**22617.   THOMAS, by Guardian ad litem v. SCOTT et al.**

CANDLER, Justice.   Claude E. Scott and 12 others filed a suit against Mrs. Cloia S. Thomas in the Superior Court of De-Kalb County to cancel two deeds which Mrs. S. A. Scott executed and delivered to the defendant for 30 acres of land in that county, one of which was dated October 16, 1946, and

the other June 2, 1958. Each deed conveyed the same property to the defendant and each recited a consideration of $750. The first was witnessed by three persons none of whom was an officer authorized to attest deeds for record. The second was executed before two witnesses, one of whom was a notary public and recites: "This deed is given in lieu of deed made and executed with three witnesses and no notary public dated October 16th 1946." The amended petition alleges that the plaintiffs and the defendant are the only heirs at law of Mrs. S. A. Scott who died intestate on February 8, 1961, at the age of 93. The validity of each deed is attacked on the ground that the grantor, Mrs. Scott, did not have sufficient mental capacity at the time of its execution to make a valid contract and on the ground that the grantor, Mrs. Scott, executed each deed in consequence of undue influence exercised over her by the grantee Mrs. Thomas and that both deeds for such reasons are null and void and pass no title to the grantee in the land they purport to convey. A jury found that both deeds were null and void and for that reason should be canceled. An amended motion for new trial which the defendant Mrs. Thomas made was overruled and the exception is to that judgment. *Held:*

1. We will first deal with the special grounds of the motion for new trial. They complain of the charge and allege that the judge instructed the jury that, if it found that either. deed was invalid for any reason alleged, its verdict should be in favor of the plaintiffs. Respecting this, the record shows that the judge did charge the jury in part as follows: "As I have charged you, if you find that they [the deeds], or *either of them*, should be set aside for one or more of the reasons urged by the plaintiffs, you would find in favor of the plaintiffs." This instruction was erroneous since it authorized the jury to render a verdict in favor of the plaintiffs if they found that either one of the two deeds was invalid for any reason alleged in the petition, and it is harmful error because the judge should have clearly instructed the jury that if they found that either one of the two deeds was valid, a verdict for the defendant would be required. Because of this error in the charge, a new trial must be ordered.

2. Since the case must be tried again, we will deal only briefly with the general grounds of the motion for new trial. The evidence respecting the two deeds is voluminous but we have

carefully examined it. As to each of the two deeds, the evidence respecting undue influence and mental incapacity of the grantor at the respective date of its execution, is in sharp conflict, and we cannot hold that the verdict is wholly unsupported by some competent evidence. Hence, the general grounds of the motion are not meritorious.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1964—DECIDED SEPTEMBER 28, 1964—
REHEARING DENIED OCTOBER 13, 1964.

*W. Harvey Armistead, Walter E. Baker, Jr.,* for plaintiff in error.

*George P. Dillard,* contra.