23361. THOMAS, by Guardian ad Litem v. SCOTT et al.

DUCKWORTH, Chief Justice. This is an action to cancel certain deeds because of alleged fraud and undue influence practiced on the grantor and because of a lack of mental capacity to execute them. This is the second appearance of the case in

this court. See *Thomas v. Scott*, 220 Ga. 317 (138 SE2d 656). A sufficient statement of the case may be found therein. The judgment there was reversed, and after a new trial and verdict and judgment against the defendant she appeals, alleging numerous errors in the allowance of evidence as well as the charge and the refusal to grant a directed verdict, nonsuit and judgment notwithstanding the verdict. *Held:*

1. The motion to dismiss the appeal and to strike the appellant's enumerations of error, the latter in the form of general and special demurrers thereto, are denied, since they both, though hazy, conform to the practically unlimited looseness authorized by the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 40; *Code Ann. Ch.* 6-8). However, while the enumerated errors are in proper form they may still be ruled insufficient or held not to be meritorious from the record. See *Swindle v. Swindle,* 221 Ga. 760 (147 SE2d 307).

2. The 2nd, 11th and 12th enumerations of error all involve the allowance in evidence over objection of testimony of two of the plaintiffs as to an agreement of the brothers and sisters *and their mother* (the deceased) to allow her to obtain a year's support after their father died so she could have a home on the land as long as she lived there, and then let it be equally divided among her heirs. Under *Code* § 38-1603 (1) whenever a suit is instituted or defended by a person laboring under disabilities, or by an endorsee, assignee, transferee, or by the personal representative of a deceased person, the opposite party shall not be permitted to testify in his own favor against the insane or deceased person as to transactions or communications with such insane or deceased person whether they were had by such insane or deceased person with the person testifying or with any other person. The testimony was therefore subject to exclusion under the above Code section as being against the deceased in a suit defended by her assignee. These witnesses could not testify as to their deceased mother's agreement with them which would imply she had no intention of selling the property but planned to leave it to her heirs or allow it to be sold and distributed because she can no longer face them and deny, rebut or explain the testimony. See *Donald v. Groves*, 160 Ga. 163 (81 SE 851); *Myers v. Phillips*, 197 Ga. 536 (2) (29 SE2d 700); *Smith v. Smith*, 187 Ga. 743, 747 (2 SE2d 417); *Shadburn v. Tapp*, 209 Ga. 887 (77 SE2d 7); *Fuller v. Fuller*, 213 Ga.

103, 105 (97 SE2d 306); *Martin v. Alford*, 214 Ga. 4, 8 (102 SE2d 598). Further, the defendant at the time of the trial was laboring under disabilities since the suit is being litigated by her guardian, and any agreement she made would likewise be subject to exclusion under the same statute. The testimony was also calculated to confuse, mislead and prejudice the case against the appellant, and it was irrelevant to the issues since it fails to show a scheme to defraud. These specifications of error are meritorious.

3. The 3rd, 4th, 5th, 6th, 7th, 8th, 10th and 13th specifications all complain of testimony in regard to the mental and physical condition of the deceased and her mental incapacity to execute the documents. We have examined each of these grounds of error and they fail to show error because they are incorrect, the witnesses were authorized to testify to facts within their knowledge, or the grounds of error do not apply to the giving of testimony within the knowledge of the witness as to the mental capacity and condition of the deceased. Also some of the objections to the testimony do not amount to sufficient objections to show error, and none of these is meritorious.

4. Counsel objected to the allowance in evidence of the two deeds sought to be canceled. These deeds are the highest and best evidence of their content and existence, and the grounds of complaint that they violate *Code* § 38-1603 (1) and were not properly identified are not meritorious. Likewise the other documents allowed in evidence over objection and complained of in the 16th and 17th enumerations of error were properly before the court, relevant and material, and were not subject to the objections made to their introduction in evidence.

5. The 18th, 19th, 20th and 21st enumerations complain of testimony in regard to the signatures of the deceased because defendant allegedly claims the witnesses were attempting to show they were forgeries and there was no plea of forgery. The testimony was proper to inquire into the signature of the deceased and show any differences under the claims of fraud, undue influence and the lack of mental capacity to make the deeds. None of these complaints is meritorious.

6. The 22nd, 27th and 30th enumerations complain of the testimony of one of the plaintiffs as to the value of the land and of the charge on value because there was no proper evidence of value. The witness testified that he knew land values in

the area and what other property had sold for, and counsel had the opportunity to thoroughly cross examine him as to his knowledge thereof but failed to do so. There was no error in allowing the testimony or in the charge thereon. See *Code* § 38-1709.

7. The evidence again was in sharp conflict as ruled in the first appearance, *Thomas v. Scott,* 220 Ga. 317, supra, and while we do not hold it was the same evidence and that the law of the case controls, there is no merit in any of the grounds of error complaining of the failure to direct the verdict or grant motions for nonsuit or judgments notwithstanding the verdict. Further, the statement of counsel for the appellee-plaintiff in open court and in his place during the trial that he was counsel for the administrator and the suit was proceeding with permission and knowledge of the administrator was not hearsay since an attorney takes an oath upon admission to the bar and is deemed to speak the truth and to be bound by his statements in open court as a failure in this might disbar him, hence none of the grounds of complaint on this issue are meritorious.

8. For the reason stated in the second headnote, the

*Judgment is reversed. All the Justices concur.*

ARGUED FEBRUARY 16, 1966—DECIDED MARCH 10, 1966— REHEARING DENIED MARCH 22, 1966.

*Zachary & Hunter, W. E. Zachary,* for appellant.
*George P. Dillard,* for appellees.