70139. HAYWOOD v. WOODEN PEG, INC. et al.
(331 SE2d 109)

BIRDSONG, Presiding Judge.

Plaintiff, Robert S. Haywood, appeals from judgment in his favor against the Wooden Peg, Inc., on the ground that the amount of damages is inadequate. He appears *pro se.* Joseph Norley, the owner of the Wooden Peg, rented space in one of eleven buildings in a complex owned by Haywood. Norley installed a kiln in an adjacent building to the one occupied by him, which he used in his business of making furniture. When the kiln was in use, it operated 24 hours per day and seven days per week. A fire occurred on a weekend and portions of two buildings were damaged. Plaintiff instituted this action against Norley and the Wooden Peg for damages caused by the fire.

This eleven-building complex is quite old. It is on the National Historical Register, and was in existence in 1900. Norley introduced evidence that the roof had fallen in on some of the buildings, the windows were rotted out, and the floors had decayed to such an extent that they had holes in them and when a cart was rolled along the floor, it would sometimes break through. But, he remained a tenant because the rent was cheap. Haywood conceded the evidence that the roof had fallen in on one building and some windows had rotted out, but he was constantly repairing the buildings. Both parties introduced photographs in support of their claims. The jury returned a verdict in favor of Norley, and for the plaintiff against the Wooden Peg, in the amount of $13,757. Haywood brings this appeal. *Held*:

1. Plaintiff contends the court erred in admitting ":evidence at the trial of the case that was immaterial and irrelevant and in violation of OCGA § 24-2-1." This enumeration is non-specific and too general for an appellate court to discern the specific error enumerated. Enumerations "should specifically and definitely set out the error complained of so that this court will not be compelled to grope in ascertaining what the error is. . . ." *Baker v. Metallizing Co.*, 103 Ga. App. 174 (1) (118 SE2d 843). "A vague, indefinite, and uncertain assignment of error . . . presents no question for decision by this court." *Dye v. Dotson*, 201 Ga. 1 (4) (39 SE2d 8); accord *Shouse v. State*, 231 Ga. 716, 717 (203 SE2d 537); *Pippin v. State*, 205 Ga. 316 (6) (53 SE2d 482). Further, "[t]hat evidence is irrelevant and immaterial is no valid ground of objection." *Hudson v. Miller*, 142 Ga. App. 331 (1) (235 SE2d 773); accord *Sirmons v. Banks*, 219 Ga. 535, 538 (135 SE2d 897); *Fulton County v. Philips*, 208 Ga. 795 (1) (69 SE2d 865). However, our code commands that where it is apparent from the notice of appeal, the record, the enumerations of error, or a combination of the foregoing, what error is sought to be asserted, we will consider the appeal notwithstanding the deficiency of the enumeration. OCGA § 5-6-48 (f); *Thomas v. Scott*, 221 Ga. 875 (1) (148 SE2d 300).

In the "argument" segment of appellant's brief, he alleges error in "allowing photographic evidence to be used in testimony by defendant-witness Joseph C. Norley, Jr., and cross-examination of witness Jack Anderson and permitting the same photographs to be admitted as evidence and sent out with the jury." The photographs complained of were defendant's Exhibits 1-28, excepting 5, 10, and 16-19. At trial, the basis of plaintiff's objection was that these photos had been requested in discovery and were not furnished to counsel. After argument on the issue, it was clear that counsel had requested in discovery "[a]ny photographs . . . made by or on behalf of defendants . . . depicting the site of the fire . . . which is the cause of this litigation." These photos did not depict the "site of the fire" but conditions of the building rented by the defendants and an adjacent building, to show that the roof had fallen in, the windows were rotted, and the floor had decayed. A second objection was made on the lack of a foundation "as to who took them." It was shown that the photos were taken by the defendant Norley and his father during the week following the fire. Norley testified they accurately depicted the condition of his premises at the time of the fire and the building which had burned was in a similar condition. The photos were admitted. Exhibits 11-15 were introduced without objection.

Accordingly, five of the photos objected to on appeal were not objected to at trial, and the objections made at trial are not those enumerated as error on appeal. Where the objection argued below is not argued on appeal, it must be considered abandoned. *MacDonald*

*v. MacDonald*, 156 Ga. App. 565, 566 (275 SE2d 142). And, where the error enumerated in the brief was not asserted at trial, nothing is presented for review as this is a court of appeal where we review the rulings of the trial court. Id. Pretermitting the procedural inadequacies of the enumeration, the photographs admitted over objection at trial were neither immaterial nor irrelevant, as they depicted the state of repair of that group of buildings involved in the fire and this type evidence would be considered in computation of damages. See *NEDA Constr. Co. v. Jenkins*, 137 Ga. App. 344 (4) (223 SE2d 732); *City of Elberton v. J. C. Pool Realty Co.*, 111 Ga. App. 765 (3) (143 SE2d 407). This enumeration is without merit.

2. Plaintiff enumerates as error denial of his amended motion for new trial. He had divided this enumeration into three sections. The first enumerated basis for a claim of error is that defendant Norley "committed perjury aided by defendant's attorney. . . ." However, the ground asserted in the amended motion for new trial, and ruled upon by the trial court, referred only to an allegation of perjury against defendant Norley.

This court held in *MacDonald*, supra, p. 566, "where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." Hence, we will not discuss the claim of error involving defendant's attorney. Plaintiff's counsel attempted to impeach Norley by showing his conviction for possessing cocaine with intent to distribute. Defendant's counsel objected on the grounds that the conviction was then pending on appeal in the Georgia Supreme Court. The trial court overruled the objection and admitted the evidence for impeachment purposes. Norley testified that he had been convicted but the Court of Appeals "did not up hold [sic] their conviction . . . and they sent it to the Supreme Court of Georgia." Norley was asked: "Did the Court of Appeals overturn your conviction? A. No. They couldn't decide whether — they couldn't decide one way or the other. Q. I just asked you did they overturn your conviction. A. No."

Counsel's statement was not made before the jury and the trial court admitted the evidence. Thus, his statement could not have affected the outcome of this case. We find that defendant Norley's conflicting and confusing version of the current status of his jury conviction would have had no substantial influence upon the jury verdict. At most, it is harmless error when considered in the context of all the other evidence introduced, and minor error does not warrant or require a new trial. *Dual S. Enterprises v. Webb*, 138 Ga. App. 810, 812 (227 SE2d 418); accord *Bynum v. Standard (Chevron) Oil Co.*, 157 Ga. App. 819 (1) (278 SE2d 669); *Ga. Power Co. v. Hendricks*, 130 Ga. App. 733 (4) (204 SE2d 465); *Fain & Stamps v. Ennis*, 4 Ga. App. 716

(4) (62 SE 466).

3. The second ground urged as a basis for error "in denying plaintiff's motion for new trial" is that the defendant and his attorney conspired to and did conceal information requested by plaintiff in discovery. This allegation of error was not raised in defendant's amended motion for new trial and will not be considered when raised for the first time on appeal. *MacDonald,* supra, p. 566.

4. The amount of the verdict is within the range of the evidence, because of evidence offered by defendant as to the state of disrepair of the damaged buildings. An appellate court will not "weigh" the evidence, but only determine the sufficiency. *Williams v. Stankowitz,* 149 Ga. App. 865, 866 (256 SE2d 147).

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED MAY 21, 1985.

Robert S. Haywood, *pro se.*
Michael M. Weathersby, William Lewis Spearman, for appellees.